EDWARD R. REINES (SBN: 135960)
edward.reines@weil.com
SONAL N. MEHTA (SBN: 222086)
sonal.mehta@weil.com
JUSTIN M. LEE (SBN: 268310)
justin.m.lee@weil.com
EVAN N. BUDAJ (SBN: 271213)
evan.budaj@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| McRO, INC., d.b.a. PLANET BLUE,<br>Plaintiff,<br>v.<br>NAMCO BANDAI GAMES AMERICA, INC.,<br>Defendant. | CASE NO. 2:12-cv-10322-GW-FFM<br>Honorable George H. Wu |
| McRO, INC., d.b.a. PLANET BLUE,<br>Plaintiff,<br>v.<br>SEGA OF AMERICA, INC.,<br>Defendant. | CASE NO. 2:12-cv-10327-GW-FFM<br>Honorable George H. Wu |
| McRO, INC., d.b.a. PLANET BLUE,<br>Plaintiff,<br>v.<br>ELECTRONIC ARTS, INC.,<br>Defendant. | CASE NO. 2:12-cv-10329-GW-FFM<br>Honorable George H. Wu |

MOTION TO DISMISS

CASE NOS .2:12-CV-10322-GW-FFM, 2:12-CV-10327-GW-FFM, 2:12-CV-10329-GW-FFM, 2:12-CV-10333-GW-FFM, 2:12-CV-10337-GW-FFM, 2:12-CV-10341-GW-FFM, 2:12-CV-10342-GW-FFM, 2:12-CV-10344-GW-FFM

| | |
|---|---|
| McRO, INC., d.b.a. PLANET BLUE,<br>Plaintiff,<br>v.<br>DISNEY INTERACTIVE STUDIOS, INC.,<br>Defendant. | CASE NO. 2:12-cv-10333-GW-FFM<br>Honorable George H. Wu |
| McRO, INC., d.b.a. PLANET BLUE,<br>Plaintiff,<br>v.<br>CAPCOM USA, INC.,<br>Defendant. | CASE NO. 2:12-cv-10337-GW-FFM<br>Honorable George H. Wu |
| McRO, INC., d.b.a. PLANET BLUE,<br>Plaintiff,<br>v.<br>NEVERSOFT ENTERTAINMENT, INC.,<br>Defendant. | CASE NO. 2:12-cv-10341-GW-FFM<br>Honorable George H. Wu |
| McRO, INC., d.b.a. PLANET BLUE,<br>Plaintiff,<br>v.<br>TREYARCH CORPORATION,<br>Defendant. | CASE NO. 2:12-cv-10342-GW-FFM<br>Honorable George H. Wu |
| McRO, INC., d.b.a. PLANET BLUE,<br>Plaintiff,<br>v.<br>VISCERAL GAMES,<br>Defendant. | CASE NO. 2:12-cv-10344-GW-FFM<br>Honorable George H. Wu |

**NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS <u>COMPLAINTS</u>**

PLEASE TAKE NOTICE that on March 4, 2013, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10 of the above-referenced Court, located at 312 North Spring Street, Los Angeles, California, defendants Namco Bandai Games America, Inc.; Sega of America, Inc.; Electronic Arts Inc.; Disney Interactive Studios, Inc.; Capcom USA, Inc.; Neversoft Entertainment, Inc.; Treyarch Corporation; and Visceral Games ("Defendants") will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing McRo, Inc. d.b.a. Planet Blue's ("Planet Blue's") Complaints for failure to state a claim.

The grounds for this motion include that Planet Blue's complaints do not provide fair notice of the nature of the claims against Defendants as required by Rule 8; nor do they provide a short and plain statement of facts sufficient to show a plausible right to relief, as required by the U.S. Supreme Court's decisions in *Twombly* and *Iqbal*, regional Circuit precedent, and other authority.

The motion is based upon this Notice and Motion, the attached Memorandum of Points and Authorities, the pleadings and records on file in this action, and upon any additional evidence and argument that may be presented before or at the hearing of this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place in ongoing discussions between January 28, 2013 and February 3, 2013.

MOTION TO DISMISS

CASE NOS .2:12-CV-10322-GW-FFM, 2:12-CV-10327-GW-FFM, :12-CV-10329-GW-FFM, 2:12-CV-10333-GW-FFM, 2:12-CV-10337-GW-FFM, 2:12-CV-10341-GW-FFM, 2:12-CV-10342-GW-FFM, 2:12-CV-10344-GW-FFM

DATED: February 4, 2013

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By:*/s/ Sonal N. Mehta*
Sonal N. Mehta

EDWARD R. REINES (SBN: 135960)
edward.reines@weil.com
SONAL N. MEHTA (SBN: 222086)
sonal.mehta@weil.com
JUSTIN M. LEE (SBN: 268310)
justin.m.lee@weil.com
EVAN N. BUDAJ (SBN: 271213)
evan.budaj@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorney for Defendants, NAMCO BANDAI GAMES AMERICA, INC., SEGA OF AMERICA, INC., ELECTRONIC ARTS INC., DISNEY INTERACTIVE STUDIOS, INC., CAPCOM USA, INC., NEVERSOFT ENTERTAINMENT, INC., TREYARCH CORPORATION, AND VISCERAL GAMES

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .......... 1

I. PLANET BLUE FILED IDENTICAL COMPLAINTS DEVOID OF ANY FACTUAL BASIS FOR ITS CLAIMS .......... 3

II. PLANET BLUE'S CLAIMS OF DIRECT INFRINGEMENT SHOULD BE DISMISSED FOR FAILING TO PROVIDE FAIR NOTICE OF THE CLAIMS AGAINST DEFENDANTS OR THEIR BASES, OR FACTS SHOWING A PLAUSIBLE RIGHT TO RELIEF. .......... 4

A. Planet Blue's Complaint Is Insufficient Under Either the *Twombly*/*Iqbal S*tandard Or The Requirements Of Form 18. .......... 6

III. PLANET BLUE'S CLAIMS FOR INDIRECT INFRINGEMENT DO NOT ALLEGE FACTS THAT PLAUSIBLY GIVE RISE TO AN ENTITLEMENT FOR RELIEF. .......... 8

A. To Survive A Motion To Dismiss Under Rule 12(b)(6), Pleadings Must Allege Facts That Plausibly Give Rise To An Entitlement Of Relief. .......... 8

B. Because Planet Blue Has Not Pleaded Facts That Plausibly Support The Elements Of Its Inducement Claims, Those Claims Should Be Dismissed. .......... 9

C. Because Planet Blue Has Not Pleaded Facts That Plausibly Support The Elements Of Its Contributory Infringement Claims, Those Claims Should Be Dismissed .......... 10

IV. CONCLUSION .......... 12

MOTION TO DISMISS

i

CASE NOS .2:12-CV-10322-GW-FFM, 2:12-CV-10327-GW-FFM, 2:12-CV-10329-GW-FFM, 2:12-CV-10333-GW-FFM, 2:12-CV-10337-GW-FFM, 2:12-CV-10341-GW-FFM, 2:12-CV-10342-GW-FFM, 2:12-CV-10344-GW-FFM

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*,
501 F.3d 1307 (Fed. Cir. 2007) .......... 9

*Acco Brands USA LLC v. Hewlett Packard Co.*,
2011 U.S. Dist. LEXIS 67420 (C.D. Cal. June 23, 2011) .......... 6

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .......... *passim*

*Avocet Sports Tech., Inc. v. Garmin Int'l., Inc.*,
2012 U.S. Dist. LEXIS 51650 (N.D. Cal. Mar. 22, 2012) .......... 5

*Bell Atl. Corp. v. Twombly*
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .......... *passim*

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012) .......... 5, 6, 7, 9

*Conley v. Gibson*,
355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) .......... 5, 6

*Elan Microelectronics Corp. v. Apple, Inc.*,
No. 09-1531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) .......... 9

*Erickson v. Pardus*,
551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) .......... 4

*Global-Tech Appliances, Inc. v. SEB S.A.*,
131 S. Ct. 2060, 179 L. Ed. 2d 1167 (2011) .......... 9, 11

*Hsiu Pen Yang v. Winjet Auto., Inc.*,
2010 U.S. Dist. LEXIS 141974 (C.D. Cal. Oct. 22, 2010) .......... 6

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009) .......... 11

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007) .......... 5

*Medsquire LLC v. Spring Med. Sys.*,
2011 U.S. Dist. LEXIS 107416 (C.D. Cal. Aug. 31, 2011) .......... 6

*Prism Technologies, LLC v. AT&T Mobility, LLC*,
8:12CV122, 2012 WL 3867971 (D. Neb. Sept. 6, 2012) .......... 7

*Proxyconn Inc. v. Microsoft Corp.*,
2012 U.S. Dist. LEXIS 70614 (C.D. Cal. May 16, 2012) .......... 5, 6

MOTION TO DISMISS

ii

CASE NOS .2:12-CV-10322-GW-FFM, 2:12-CV-10327-GW-FFM, 2:12-CV-10329-GW-FFM, 2:12-CV-10333-GW-FFM, 2:12-CV-10337-GW-FFM, 2:12-CV-10341-GW-FFM, 2:12-CV-10342-GW-FFM, 2:12-CV-10344-GW-FFM

*Smartmetric Inc. v. MasterCard Inc.*, 2010 U.S. Dist. LEXIS 141976 (C.D. Cal. July 8, 2010) .................................... 6

*Wistron Corp. v. Phillip M. Adams & Assocs.*, LLC, 2011 U.S. Dist. LEXIS 102237 (N.D. Cal. Sept. 12, 2011) ....................... 5

*Ziptronix, Inc. v. Omnivision Techs., Inc.*, 2011 U.S. Dist. LEXIS 129275 (N.D. Cal. Nov. 8, 2011) .................................. 5

**Statutes**

35 U.S.C. § 271(b) ........................................................................ 9, 10

35 U.S.C. § 271(c) ........................................................................ 11

**Other Authorities**

L. R. 7-3 ........................................................................ 1

F.R. Civ. P. 8 ........................................................................ *passim*

F.R. Civ. P. 9 ........................................................................ 9

F.R. Civ. P. 12(b)(6) ........................................................................ 1, 4, 5, 8

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff McRo Inc., d.b.a. Planet Blue simultaneously filed sixteen Complaints against videogame companies for patent infringement in this district, including against Defendants.[1] All sixteen Complaints—as well as eleven Complaints Planet Blue filed against videogame companies in the District of Delaware less than two weeks prior—are word-for-word verbatim, save for names of parties and the presence or absence of (again verbatim) indirect infringement claims against certain defendants.[2] Planet Blue's identical Complaints are fatally flawed in three fundamental ways: (1) they are almost entirely devoid of factual allegations, (2) they lack any meaningful identification of the allegedly infringing instrumentalities, and (3) they lack any explanation of how any defendant allegedly infringes the claims of the patents-in-suit. Instead, they merely allege that the Defendants make, publish, sell "and/or" advertise unnamed "computer and/or video games" that infringe the patents-in-suit. Of course, Defendants are all videogame companies that make and sell only computer and/or video games, rendering this purported identification of accused products meaningless. As Konami Digital Entertainment, Inc. ("Konami") and Square Enix, Inc. ("Square Enix") pointed out in their Motions to Dismiss of January 28, 2013, this kind of threadbare complaint is insufficient under applicable pleading standard.

The Complaints' failure to provide any specificity as to which of Defendants' dozens, and in many cases hundreds, of "computer and/or video games" are alleged to infringe is particularly troublesome in the context of the nature of the allegations. The patents-in-suit describe a narrow approach to "animating lip synchronization and

---

[1] Defendants Namco Bandai Games America, Inc.; Sega of America, Inc.; Electronic Arts Inc.; Disney Interactive Studios, Inc.; Capcom USA, Inc.; Neversoft Entertainment, Inc.; Treyarch Corporation; and Visceral Games file this motion jointly and are referred to throughout, collectively, as "Defendants."

[2] Of the Defendants joining in this motion, Planet Blue's Complaints against Electronic Arts Inc. and Disney Interactive Studios, Inc. allege indirect infringement.

MOTION TO DISMISS

1

CASE NOS .2:12-CV-10322-GW-FFM, 2:12-CV-10327-GW-FFM, 2:12-CV-10329-GW-FFM, 2:12-CV-10333-GW-FFM, 2:12-CV-10337-GW-FFM, 2:12-CV-10341-GW-FFM, 2:12-CV-10342-GW-FFM, 2:12-CV-10344-GW-FFM

facial expressions" of animated characters—Planet Blue does not, and does not claim to, hold a patent that it contends covers ***all*** methods of animating lip synchronization and facial expressions of animated characters. Indeed, the Background of the Invention for each patent describes the "current practice for three dimensional computer generated speech animation" that is acknowledged to have existed before the claimed invention and thus must fall outside of what the patents assert to be new. *See, e.g.*, U.S. Patent No. 6, 307,576 at col. 1 ll. 44-46; U.S. Patent No. 6, 611,278 at col. 1 ll. 47-49. In other words, some mechanisms for lip synchronization and facial animation are supposedly claimed by the patents and others are not. Yet Planet Blue's Complaints are unequivocally silent as to which of Defendants' "computer and/or video games" it contends are alleged to infringe and how it distinguishes between games that have lip synchronization that fall within the scope of its accusations and those that do not.[3]

Planet Blue's Complaints also fail to plead facts that, even if true, lead to a plausible inference of indirect infringement of the patents-in-suit. The Complaints do not support any of the requisite elements of either an induced or contributory infringement claim, namely (1) that Defendants knowingly induced or contributed to others' infringement of the patents-in-suit, (2) that Defendants actually knew that any

[3] Planet Blue's apparent desire to keep its allegations vague was borne out during the parties' meet and confer. Defendants asked Planet Blue to amend its Complaints to address the deficiencies identified herein and even offered to accelerate their responses to amended complaints so as not to set the case schedule back, but Planet Blue declined. *See* Declaration of Sonal N. Mehta In Support of Motion to Dismiss ("Mehta Decl.") at Exh. A. Planet Blue did offer to provide a list of exemplary games that it had identified before filing its complaints informally, but when asked whether it would articulate the basis for its allegation—*i.e.*, the categories of Defendants' games with lip synchronization that are alleged to infringe and those that are not and how it is drawing that line—Planet Blue again declined. *Id.* Planet Blue stated that its allegations might be tied to unspecified third party tools used by Defendants for lip synchronization, but when asked if it would identify which of a number of available tools its allegations were based on, Planet Blue would not respond. *Id.*

allegedly induced acts constituted patent infringement, or specifically intended to do so; (3) how Defendants contributed to any other person's infringement; or (4) that Defendants had actual knowledge that some combination for which their products were especially made was both patented and infringing. Instead, the Complaints exclusively contain the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which "do not suffice" to state a claim under Supreme Court precedent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Because Planet Blue has failed to allege the facts necessary to state a claim for indirect infringement, its claims against Defendants for induced and contributory infringement should be dismissed.

Rule 8's requirements of "fair notice" demand that Defendants be provided notice as to which of their products are accused of infringing the patents-in-suit. Defendants should be permitted access to this basic information from the outset of this case—information which Planet Blue has in its possession, based on its (presumptive) pre-suit investigation—without which they cannot meaningfully investigate Planet Blue's allegations. Accordingly, Planet Blue's Complaints should be dismissed.

## I. PLANET BLUE FILED IDENTICAL COMPLAINTS DEVOID OF ANY FACTUAL BASIS FOR ITS CLAIMS.

On December 4, 2012 Planet Blue filed sixteen identical Complaints against videogame companies in this Court.[4] Planet Blue "alleges" only one "fact" that is relevant to its infringement theory, and even that only on "information and belief":

> Upon information and belief, Defendant, directly or through intermediaries (including through distributers [sic], retailers, and others), has acted and is acting to develop, publish, manufacture, import, ship, distribute, offer for sale, sell, and/or advertise

[4] Just thirteen days earlier, Planet Blue filed eleven identical Complaints against videogame companies in the District of Delaware.

MOTION TO DISMISS

3

CASE NOS .2:12-CV-10322-GW-FFM, 2:12-CV-10327-GW-FFM, 2:12-CV-10329-GW-FFM, 2:12-CV-10333-GW-FFM, 2:12-CV-10337-GW-FFM, 2:12-CV-10341-GW-FFM, 2:12-CV-10342-GW-FFM, 2:12-CV-10344-GW-FFM

> (including the provision of an interactive web page) various computer and/or video games.

Compl. ¶ 11. Planet Blue purportedly limits the vast reach of its Complaints by alleging that "the Defendant employs automated lip-synchronization methods and processes to create and develop these computer and/or video games." *Id.* ¶ 12. But this "fact"—which is part of the "Factual Background" section of the Complaint—is merely a restatement of Planet Blue's vague allegation of infringement.

Planet Blue's allegations make no reference to any use by Defendants of the claimed methods or apparatuses, nor do they identify any product that allegedly practices those claims. Furthermore, Planet Blue's allegations of indirect infringement constitute hardly more than a recitation of the legal standards for such a finding, and are entirely devoid of alleged facts supporting its allegations. The sole "fact" Planet Blue "alleges" that is relevant to its indirect infringement theory—beyond an allegation of Defendants' knowledge of the patents' existence—is that Defendants acted "with the knowledge and the specific intent to encourage and facilitate those infringing uses of the methods claimed in the [] Patent through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials." *Id.* ¶¶ 14, 18.

## II. PLANET BLUE'S CLAIMS OF DIRECT INFRINGEMENT SHOULD BE DISMISSED FOR FAILING TO PROVIDE FAIR NOTICE OF THE CLAIMS AGAINST DEFENDANTS OR THEIR BASES, OR FACTS SHOWING A PLAUSIBLE RIGHT TO RELIEF.

If a complaint fails to satisfy Rule 8's requirement that the pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)), it "must be dismissed" under Rule 12(b)(6) for failing to state a claim upon which relief can be granted, *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief

MOTION TO DISMISS

4

CASE NOS .2:12-CV-10322-GW-FFM, 2:12-CV-10327-GW-FFM, 2:12-CV-10329-GW-FFM, 2:12-CV-10333-GW-FFM, 2:12-CV-10337-GW-FFM, 2:12-CV-10341-GW-FFM, 2:12-CV-10342-GW-FFM, 2:12-CV-10344-GW-FFM

that is plausible on its face." *Id.* This essential element of a complaint—that it give "fair notice" of the claim made and its bases—was established long before (and not disturbed by) *Twombly*. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) *abrogated on other grounds by Twombly*, 550 U.S. 544.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

A motion to dismiss for failure to state a claim involves "a purely procedural question not pertaining to patent law," for which this Court applies "the law of the regional circuit." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007); *see also In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) ("Because it raises a purely procedural issue, an appeal from an order granting a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed under the applicable law of the regional circuit."); *see also Avocet Sports Tech., Inc. v. Garmin Int'l., Inc.*, No. C 11-04049 JW, 2012 U.S. Dist. LEXIS 51650, at *8 (N.D. Cal. Mar. 22, 2012).

Courts within the Ninth Circuit are split as to whether a claim for direct infringement must meet the *Twombly*/*Iqbal* standard, or whether adherence to Form 18 suffices to state a claim. *See, e.g.*, *Avocet Sports*, No. C 11-04049 JW, 2012 U.S. Dist. LEXIS 51650, at *8-10; *Proxyconn Inc. v. Microsoft Corp.*, SAVC 11-1681 DOC (ANx), 2012 U.S. Dist. LEXIS 70614, at *8-11 (C.D. Cal. May 16, 2012); *Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, No. C-10-4458 EMC, 2011 U.S. Dist. LEXIS 102237, at *7-13 (N.D. Cal. Sept. 12, 2011); *Ziptronix, Inc. v. Omnivision Techs., Inc.*, Case No: C 10-5525 SBA, 2011 U.S. Dist. LEXIS 129275, at *12 (N.D. Cal. Nov. 8, 2011).

MOTION TO DISMISS

5

CASE NOS .2:12-CV-10322-GW-FFM, 2:12-CV-10327-GW-FFM, 2:12-CV-10329-GW-FFM, 2:12-CV-10333-GW-FFM, 2:12-CV-10337-GW-FFM, 2:12-CV-10341-GW-FFM, 2:12-CV-10342-GW-FFM, 2:12-CV-10344-GW-FFM

That split is irrelevant to this motion—Planet Blue's Complaints do not pass muster under either examination.

**A. Planet Blue's Direct Infringement Allegations Are Insufficient Under Either the *Twombly/Iqbal* Standard Or The Requirements Of Form 18.**

Planet Blue's Complaints are lacking in specificity as to which of Defendants' products are alleged to infringe the patents-in-suit. Indeed, Planet Blue alleges merely that Defendants' "computer and/or video games" use the methods claimed in the patents-in-suit. Compl. ¶¶ 11, 14, 18. Because Defendants are videogame companies, Planet Blue's reference to "computer and/or video games" potentially encompasses all of Defendants' products. *See Id.* ¶ 2 ("[Defendant] is engaged in the business of developing computer and/or video games").

In the Ninth Circuit, "threadbare recitations" of the elements of a cause of action, lacking identification of an accused product, do not suffice to state a claim for direct infringement; instead, a statement of facts showing a plausible right to relief is required, as dictated by *Twombly* and *Iqbal*. *Proxyconn*, 2012 U.S. Dist. LEXIS 70614, at *10; *see, e.g.*, *Medsquire LLC v. Spring Med. Sys.*, Case No. 2:11-cv-04504-JHN-PLA, 2011 U.S. Dist. LEXIS 107416 (C.D. Cal. Aug. 31, 2011); *Hsiu Pen Yang v. Winjet Auto., Inc.*, Case No. 2:10-cv-06197-JHN-SSx, 2010 U.S. Dist. LEXIS 141974 (C.D. Cal. Oct. 22, 2010); *Smartmetric Inc. v. MasterCard Inc.*, Case No. 2:10-v-01864-JHN-FMOx, 2010 U.S. Dist. LEXIS 141976 (C.D. Cal. July 8, 2010).

Even under the more liberal pleading standard following Form 18, this Court has nonetheless required Rule 8's "fair notice" of the claims being made, including the identification of an accused product or a reasonably-delineated category of products. *See, e.g.*, *Acco Brands USA LLC v. Hewlett Packard Co.*, SACV 11-275 DOC (MLGx), 2011 U.S. Dist. LEXIS 67420, at *5 (C.D. Cal. June 23, 2011). Although *Bill of Lading* states that Form 18 suffices to make out a claim for direct patent

MOTION TO DISMISS 6 CASE NOS .2:12-CV-10322-GW-FFM, 2:12-CV-10327-GW-FFM, 2:12-CV-10329-GW-FFM, 2:12-CV-10333-GW-FFM, 2:12-CV-10337-GW-FFM, 2:12-CV-10341-GW-FFM, 2:12-CV-10342-GW-FFM, 2:12-CV-10344-GW-FFM

infringement in the Sixth Circuit, it also made clear that this is a factual inquiry specific to the Complaints being examined:

> It will not always be true that a complaint which contains just enough information to satisfy a governing form will be sufficient under *Twombly* and its progeny. Resolution of that question will depend upon the level of specificity required by the particular form, the element of the cause of action as to which the facts plead are allegedly inadequate, ***and the phrasing of the complaint being challenged***.

681 F.3d at 1334 n.6 (emphasis added).

Konami and Square Enix correctly point out that Form 18's category of "electric motors" is more limiting than the all-encompassing category of "computer and/or video games" ***as applied to videogame companies***. Indeed, other district courts have recognized that the context in which an identification of product categories is made can impact whether notice is adequate:

> The Court finds that the term "wireless products" is considerably more generic than the term "electric motor" as identified in Form 18. With regard to "data services," Prism does name two exemplars, the "DataConnect Plans" and the "DataPro Plans." Nevertheless, the Court notes AT & T's contention that "Prism makes vague allegations that 'various wireless products and data services' infringe the patents. This allegation is so vague that it encompasses essentially AT & T's entire business, leaving AT & T with no notice as to how it allegedly infringes" The Court agrees that Prism's accusation is too broad, such that it does not satisfy Form 18 standards.

*Prism Techs., LLC v. AT&T Mobility, LLC*, No. 8:12CV122, 2012 WL 3867971, at *5 (D. Neb. Sept. 6, 2012) (internal citations omitted).

This failure to provide meaningful notice as to what categories of Defendants' products (*i.e.*, what categories of "computer and/or video games") are alleged to infringe is compounded by Planet Blue's failure to specify how Defendants' products allegedly perform the claimed method. Planet Blue's Complaints merely allege that Defendants' products infringe the patents-in-suit because they "use the methods claimed" in those patents. But this argument is circular, and provides no notice as to ***how*** Defendants' products allegedly infringe. As noted, the patent purports to cover one narrow approach to animating facial expressions and lip synchronization. If Planet Blue conducted a prefiling investigation to determine which of Defendants' games are alleged to employ the approach claimed by its patents—as it was obligated to do—that same investigation would enable it to provide the requisite notice to Defendants as to what product categories fall within the scope of its allegations. Indeed, during a meet-and-confer where Defendants pointed out that this information was lacking in its Complaints, Planet Blue stated that its allegations were based on Defendants' use of one or more third party software tools but declined to identify which tools used by Defendants fall within the scope of its allegations and which do not. Mehta Decl. at Exh. A. That Planet Blue would withhold such basic information—information that could give Defendants a starting point for their investigations into Planet Blue's allegations—is inconsistent with the "fair notice" requirement of Rule 8.

## III. PLANET BLUE'S CLAIMS FOR INDIRECT INFRINGEMENT DO NOT ALLEGE FACTS THAT PLAUSIBLY GIVE RISE TO AN ENTITLEMENT FOR RELIEF.

### A. To Survive A Motion To Dismiss Under Rule 12(b)(6), Pleadings Must Allege Facts That Plausibly Give Rise To An Entitlement Of Relief.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

MOTION TO DISMISS

8

CASE NOS .2:12-CV-10322-GW-FFM, 2:12-CV-10327-GW-FFM, 2:12-CV-10329-GW-FFM, 2:12-CV-10333-GW-FFM, 2:12-CV-10337-GW-FFM, 2:12-CV-10341-GW-FFM, 2:12-CV-10342-GW-FFM, 2:12-CV-10344-GW-FFM

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**B. Because Planet Blue Has Not Pleaded Facts That Plausibly Support The Elements Of Its Inducement Claims, Those Claims Should Be Dismissed.**

Under *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068, 179 L. Ed. 2d 1167 (2011), inducement of infringement under 35 U.S.C. § 271(b) requires a showing that (1) there has been an act of direct infringement by another party, and (2) Defendants knowingly induced acts which they knew constituted patent infringement with a specific intent to do so. *See also ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007).

Here, Planet Blue's Complaint fails to set forth any facts that might support a "reasonable inference" that Defendants are in fact liable for inducement under Section 271(b). Instead of pleading the required facts, the Complaints merely recite the legal elements of inducement. For instance, paragraphs 14 and 18 of each Complaint simply repeat the legal element of intent: "…***with the knowledge and specific intent to encourage and facilitate those infringing uses of the methods claimed in the [] Patent*** through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials." As the Supreme Court made clear, although intent can fall under the less rigid Rule 9, Planet Blue cannot "plead the bare elements of [their] cause of action, affix the label 'general allegation,' and expect [their] complaint to survive a motion to dismiss." *Iqbal*, 556 U.S. at 687.

MOTION TO DISMISS

9

CASE NOS .2:12-CV-10322-GW-FFM, 2:12-CV-10327-GW-FFM, 2:12-CV-10329-GW-FFM, 2:12-CV-10333-GW-FFM, 2:12-CV-10337-GW-FFM, 2:12-CV-10341-GW-FFM, 2:12-CV-10342-GW-FFM, 2:12-CV-10344-GW-FFM

At the outset, the Complaints fail to even mention one of the legal elements of Section 271(b)—the identification of an underlying act of direct infringement by another. Defendants cannot "induce" infringement if no underlying infringement occurred in the first place. Although the Complaint makes a cursory mention of "contracting with others to use the methods claimed in the [] Patent and make, use, offer to sell, sell, and/or import the aforementioned computer and/or video games using those methods," it identifies no examples, no instances of such conduct, and, fatally, no identification of ***who*** (*e.g.*, end users, manufacturers, distributors, third party software developers, or others) the alleged direct infringer(s) is/are.

Likewise, the Complaints do not contain a single allegation of fact that would give rise to an inference that Defendants knowingly induced acts which they knew constituted patent infringement with a specific intent to do so. Planet Blue's mention of "marketing materials, instructional materials, product manuals, and technical materials"—categories of documents generated by any company that sells a product—provides no notice as to what acts are alleged to have been induced by generic marketing and product documentation. While the Complaints allege knowledge of the existence of the patents-in-suit only in the most conclusory way, they are devoid of allegations as to what Defendants knew, who at Defendants knew it, when they learned it, or how. Indeed, Planet Blue's Complaints do not even purport to allege facts showing Defendants had knowledge that they were inducing acts that constitute patent infringement. And there is absolutely no allegation—threadbare or otherwise—of facts to support an allegation as to the requisite "specific intent."

### C. Because Planet Blue Has Not Pleaded Facts That Plausibly Support The Elements Of Its Contributory Infringement Claims, Those Claims Should Be Dismissed.

Contributory infringement under 35 U.S.C. § 271(c) also requires elements of knowledge. Specifically, a plaintiff must allege that the defendant knew (1) "that the combination for which his component was especially designed was both patented and infringing" and (2) that the component has "no substantial non-infringing uses."

*Global Tech*, 131 S. Ct. at 2067; *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) (internal quotations omitted).

Just as with its inducement claims, Planet Blue's Complaints are silent on these elements. As with inducement, proof of contributory infringement requires an element of knowledge *beyond* knowledge that the patents-in-suit exist—contributory infringement requires that Defendants produced a component that they knew was used in an infringing way. But the Complaints fail to identify what the infringing combination was, and who is responsible for that conduct. Likewise, the Complaints do not allege any facts showing Defendants' knowledge of any component that was especially designed for an infringing use, nor that any such component has no substantial non-infringing use. Indeed, the first notice a reader would receive that contributory infringement is alleged in Planet Blue's Complaints is in the Prayers for Relief: "Holding that Defendant has infringed, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the claims of the [] Patent." Compl. ¶¶ A, B. Therefore, Plaintiff's contributory infringement claims should be dismissed.

## IV. CONCLUSION

For the reasons set forth herein, Defendants' motion should be granted.

DATED: February 4, 2013

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: */s/ Sonal N. Mehta*
   Sonal N. Mehta

EDWARD R. REINES (SBN: 135960)
edward.reines@weil.com
SONAL N. MEHTA (SBN: 222086)
sonal.mehta@weil.com
JUSTIN M. LEE (SBN: 268310)
justin.m.lee@weil.com
EVAN N. BUDAJ (SBN: 271213)
evan.budaj@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Telephone:   (650) 802-3000
Facsimile:   (650) 802-3100

Attorney for Defendants,
NAMCO BANDAI GAMES AMERICA, INC., SEGA OF AMERICA, INC., ELECTRONIC ARTS INC., DISNEY INTERACTIVE STUDIOS, INC., CAPCOM USA, INC., NEVERSOFT ENTERTAINMENT, INC., TREYARCH CORPORATION, AND VISCERAL GAMES

MOTION TO DISMISS

12

CASE NOS .2:12-CV-10322-GW-FFM, 2:12-CV-10327-GW-FFM, 2:12-CV-10329-GW-FFM, 2:12-CV-10333-GW-FFM, 2:12-CV-10337-GW-FFM, 2:12-CV-10341-GW-FFM, 2:12-CV-10342-GW-FFM, 2:12-CV-10344-GW-FFM