1   Tony M. Diab (SBN: 277343)
    tdiab@shb.com
2   SHOOK, HARDY & BACON L.L.P.
    Jamboree Center
3   5 Park Plaza, Suite 1600
    Irvine, California 92614-2546
4   Telephone: 949-475-1500
    Facsimile: 949-475-0016
5
6   Attorneys for Defendant
    NAUGHTY DOG, INC.
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11
12  McRO, Inc. d.b.a. Planet Blue,          )  Lead Case No. 12-cv-10322 GW (FFMx)
                                            )  Case No. 12-cv-10335 GW (FFMx)
13              Plaintiff,                   )
                                            )  HONORABLE GEORGE H. WU
14         v.                               )
                                            )  **DEFENDANT NAUGHTY DOG,**
15  Namco Bandai Games America, Inc.,       )  **INC.'S NOTICE OF MOTION AND**
                                            )  **PARTIAL MOTION TO DISMISS**
16              Defendant.                   )  **PLAINTIFF'S FIRST AMENDED**
                                            )  **COMPLAINT; MEMORANDUM OF**
17                                          )  **POINTS AND AUTHORITIES**
                                            )  **THEREON**
18                                          )
                                            )  CONSOLIDATED WITH:
19                                          )  12-CV-10323-GW (FFMX)
                                            )  12-CV-10326-GW (FFMX)
20                                          )  12-CV-10327-GW (FFMX)
                                            )  12-CV-10329-GW (FFMX)
21                                          )  12-CV-10331-GW (FFMX)
                                            )  12-CV-10333-GW (FFMX)
22                                          )  12-CV-10336-GW (FFMX)
                                            )  12-CV-10337-GW (FFMX)
23                                          )  12-CV-10338-GW (FFMX)
                                            )  12-CV-10340-GW (FFMX)
24                                          )  12-CV-10341-GW (FFMX)
                                            )  12-CV-10342-GW (FFMX)
25                                          )  12-CV-10344-GW (FFMX)
                                            )  12-CV-10345-GW (FFMX)
26                                          )
                                            )
27  ─────────────────────────────
28

                                        NAUGHTY DOG, INC.'S MOTION TO DISMISS FAC
                                        10322-GW (FFMx) - LEAD CASE
    5692566 v4

PLEASE TAKE NOTICE that on July 11, 2013, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10 of the above-referenced Court, located at 312 North Spring Street, Los Angeles, California, Defendant Naughty Dog, Inc. ("Naughty Dog") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing claims of willful infringement and infringement pursuant to 35 U.S.C. § 271(g) in McRO, Inc. d.b.a. Planet Blue's ("Plaintiff") First Amended Complaint for failure to state a claim.

The grounds for this motion include that Plaintiff's First Amended Complaint does not provide fair notice of the nature of the claims against Defendant and lacks facial plausibility as required by Rule 8, Federal Circuit precedent, and other authority.

The motion is based upon this Notice and Motion, the attached Memorandum of Points and Authorities, the pleadings and records on file in this action, and upon any additional evidence and argument that may be presented before or at the hearing of this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 5, 2013.

DATED: June 10, 2013                 SHOOK, HARDY & BACON, L.L.P.


By:     /s/ Tony M. Diab
                Tony M. Diab

Attorneys for Defendant Naughty Dog, Inc.

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................1

II.   STATEMENT OF FACTS............................................................2

III.  ARGUMENT.................................................................................3

    A.   Plaintiff's claim of willful infringement is conclusory and cannot
        properly be based on post-filing knowledge of the asserted patents. .......4

    B.   Plaintiff provides only conclusory allegations that are insufficient
        to support a claim of infringement under 35 U.S.C. § 271(g) .................6

        1.   The FAC lacks a factual basis to state a claim for relief
            under § 271(g)..................................................................7

        2.   Section 271(g) is limited to "products" that are "made by"
            the patented process ...................................................10

IV.   CONCLUSION ............................................................................11

# TABLE OF AUTHORITIES

**CASES**                                                                                              **PAGES**

*Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*,
  228 F.3d 1338 (Fed. Cir. 2000) .................................................................7

*Asahi Glass Co., Ltd. v. Guardian Indust. Corp.*,
  813 F. Supp. 2d 602 (D. Del. 2011) ........................................................7, 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..........................................................................3, 4, 7

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*,
  682 F.3d 1003 (Fed. Cir. 2012) ................................................................4

*Bayer AG v. Housey Pharm., Inc.*,
  340 F.3d 1367 (Fed. Cir. 2003) .........................................................10, 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................3, 7, 8, 9

*British Telecomns. V. SBC Commns., Inc.*,
  C.A. Nos. 03-526-SLR, 03-527-SLR, 03-528-SLR, 2004 WL 5264272 (D.
  Del. Feb. 24, 2004) ..............................................................................7, 8

*Eon Corp. IP Holdings, LLC v. Sensus USA, Inc.*,
  No. C-12-1011 EMC, 2012 WL 4514138 (N.D. Cal. Oct. 1, 2012) ......................5

*Gustafson, Inc. v. Intersystems Indus. Prod., Inc.*,
  897 F.2d 508 (Fed. Cir. 1990)................................................................4, 6

*Hughes Aircraft Co. v. Nat'l Semiconductor Corp.*,
  857 F. Supp. 691 (N.D. Cal. 1994) ............................................................7

*In re Century Aluminum Co. Sec. Litig.*,
  No. 11-15599, 2013 WL 1633094 (9th Cir. Apr. 17, 2013) .............................3

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) .........................................................4, 5, 6

*LML Holdings, Inc. v. Pac. Coast Distrib. Inc.*,
  No. 11-cv-06173 YGR, 2012 WL 1965878 (N.D. Cal. May 30, 2012).........4, 5, 6

ii

*NTP, Inc. v. RIM, Ltd.*,
    418 F.3d 1282 (Fed. Cir. 2005) ..................................................................10

*Pacing Tech., LLC v. Garmin Int'l Inc.*,
    Case No. 12-cv-1067 BEN (WMC), 2013 WL 444642 (S.D. Cal. Feb. 5,
    2013) ........................................................................................................4, 5

*Sharafabadi v. Univ. of Idaho*,
    No. C09-1043-JLR, 2009 WL 4432367 (W.D. Wash. Nov. 27, 2009)..............8, 9

*Vasudevan Software, Inc. v. TIBCO Software, Inc.*,
    No. C 11-06638 RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012) .....................6

*Yangaroo Inc. v. Destiny Media Tech. Inc.*,
    720 F. Supp. 2d 1034 (E.D. Wis. 2010) .........................................9, 10, 11

**STATUTES**

35 U.S.C. § 271(a), (g) ............................................................... *passim*

35 U.S.C. § 284 ..............................................................................4

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ................................................. *passim*

Federal Rule of Civil Procedure 8(a)(2) .................................................. *passim*

iii

# I.    INTRODUCTION

Plaintiff filed an original complaint against Naughty Dog on December 4, 2012, alleging infringement of U.S. Patent Nos. 6,307,576 and 6,611,278 ("asserted patents") under 35 U.S.C. § 271(a).  (Doc. 1.)  Because of Plaintiff's delay in serving Naughty Dog, the case against Naughty Dog did not proceed at the same pace as the defendants in the related cases.  Indeed, the other defendants filed two motions to dismiss by the time Naughty Dog filed its first motion to dismiss Plaintiff's original complaint for failure to meet the pleading standards of Federal Rule of Civil Procedure 8(a).  (Docs. 24, 75, 78.)  Instead of opposing Naughty Dog's motion to dismiss, Plaintiff filed, as a matter of course, a First Amended Complaint ("FAC") against Naughty Dog. (Doc. 92.)  Plaintiff's FAC, however, does more than address the pleading deficiency issues raised in Naughty Dog's motion relating to its § 271(a) infringement claim.   The FAC also raises entirely new allegations of willful infringement and infringement under 35 U.S.C. § 271(g).  These new allegations – which were not present in the original complaint and were not the subject of any of the other defendants' prior motions to dismiss – fail to satisfy the pleading standards of Federal Rule of Civil Procedure 8(a).

First, the FAC claims that Naughty Dog's infringement is willful without any facts to support pre-suit knowledge of the asserted patents, which is required at a bare minimum to support such a claim.  Instead, Plaintiff uses its earlier-filed complaint as a pretext to allege that Naughty Dog has had knowledge of the asserted patents since that filing.   But an allegation of willfulness centered exclusively on a defendant's post-filing knowledge is entirely improper and goes against the heavy weight of case law dismissing such willfulness claims.

Second, Plaintiff alleges in conclusory fashion that Naughty Dog infringes one or more claims of the asserted patents under 35 U.S.C. § 271(g) "[b]y using, offering to sell, selling, and/or importing computer and/or video games created using the

1

5692566 v4

1  aforementioned software processes."  This lone allegation is devoid of factual support

2  for an infringement claim pursuant to §271(g), a narrow, rarely-applied form of

3  infringement directed to a patented process performed in a foreign country but

4  embodied in a product imported into the United States.  With no factual basis to infer

5  whether the patented process is even performed outside the U.S., who performs the

6  process, or whether the patented process is even used to manufacture the accused

7  "computer and/or video games," let alone whether the asserted patents are eligible for

8  protection under § 271(g), this claim should be dismissed.  Such allegations do not

9  satisfy Plaintiff's obligation to provide Naughty Dog with fair notice of the claims

10  against it and the grounds upon which they rest, in violation of basic pleading

11  standards.

12       Therefore, Plaintiff's willfulness and § 271(g) claims should be dismissed

13  pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

14  **II.    STATEMENT OF FACTS**

15       Plaintiff initiated its suit against Naughty Dog on December 4, 2012, accusing

16  Naughty Dog of infringing the asserted patents.  (Doc. 1.)  The original complaint

17  generically accused Naughty Dog of "infringing, directly, under 35 U.S.C. § 271 one

18  of more claims of the [asserted patents], either literally or under the doctrine of

19  equivalents."  *Id.* ¶¶ 14, 18.  The original complaint contained no allegations regarding

20  willfulness or infringement pursuant to § 271(g).

21       Following a meet and confer on May 1, 2013, regarding the insufficiency of

22  Plaintiff's claim of infringement, Naughty Dog filed its Notice and Motion to Dismiss

23  the original complaint on May 6, 2013.  (Doc. 75.)  Instead of filing an opposition to

24  Naughty Dog's motion to dismiss, Plaintiff filed its FAC on May 17, 2013.  (Doc. 92.)

25  Besides amending to allege additional factual bases for its § 271(a) infringement

26  claims, Plaintiff for the first time also claimed that infringement was willful, based

27  solely on "knowledge of the [asserted patents] since at least as early as December 4,

2012, when Planet Blue filed its original complaint in this action." *Id.* ¶¶ 17, 21; *see also id.* Prayer for Relief ¶¶ A-D.[1]   Also alleged against Naughty Dog for the first time in the FAC was that "[b]y offering to sell, selling, and/or importing computer and/or video games created using the aforementioned software processes, Naughty Dog has been and is now infringing the [asserted patents] under 35 U.S.C. § 271(g), either literally or under the doctrine of equivalents." *Id.*   Plaintiff's § 271(g) infringement claim, comprised only of this statement, is encompassed within the same paragraph as its § 271(a) infringement claim. *Id.*

## III.   ARGUMENT

To satisfy minimal pleading requirements pursuant to Rule 8(a)(2), "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.   Following *Iqbal*, courts have performed a two-part analysis to determine whether allegations of a complaint are insufficient to state a claim for relief.   First, the court separates the factual and legal elements of a claim, accepts the well-pleaded facts as true, and disregards legal conclusions. *Iqbal*, 556 U.S. at 663.   "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.   Second, the court must ascertain if the alleged facts state a plausible claim by "draw[ing] on [the court's] experience and common sense." *Id.* at 662, 679; *In re Century Aluminum Co. Sec. Litig.*, No. 11-15599, 2013 WL

---

[1]     As noted above, Plaintiff delayed in serving the original complaint on Naughty Dog.

1633094, at *3 (9th Cir. Apr. 17, 2013).  "[O]nly a complaint that states a plausible
claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679.

Plaintiff's claims for willful infringement and infringement pursuant to § 271(g)
are deficient.  First, Plaintiff cannot properly state a claim for willful infringement by
alleging Naughty Dog's post-filing knowledge of the patents.  Second, the FAC is
devoid of any facts to assert a claim under § 271(g) under the *Iqbal/Twombly*
standard.  For these reasons, the Court should dismiss these claims in Plaintiff's FAC.

### A. Plaintiff's claim of willful infringement is conclusory and cannot properly be based on post-filing knowledge of the asserted patents.

"A finding of willful infringement allows an award of enhanced damages under
35 U.S.C. § 284." *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682
F.3d 1003, 1005 (Fed. Cir. 2012).  But "a party cannot be found to have 'willfully'
infringed a patent of which the party had no knowledge." *Pacing Tech., LLC v.
Garmin Int'l Inc.*, Case No. 12-cv-1067 BEN (WMC), 2013 WL 444642, at *3 (S.D.
Cal. Feb. 5, 2013) (quoting *Gustafson, Inc. v. Intersystems Indus. Prod., Inc.*, 897 F.2d
508, 511 (Fed. Cir. 1990)).  Thus, to state a claim for willful infringement, a party
"must allege facts from which it may be concluded that [a defendant] knew of the
[asserted patents] or it was so obvious that it should have been known, and there was
an objectively high likelihood that their actions constituted infringement of a valid
patent." *LML Holdings, Inc. v. Pac. Coast Distrib. Inc.*, No. 11-cv-06173 YGR, 2012
WL 1965878, at *3 (N.D. Cal. May 30, 2012) (citing *In re Seagate Tech., LLC*, 497
F.3d 1360, 1371 (Fed. Cir. 2007)).  Moreover, "[a] mere 'allegation of actual
knowledge, without more,' is also fatal." *Pacing Tech.*, 2013 WL 444642, *3
(internal quotation omitted).

Generally, though, allegations of a defendant's knowledge of a patent cannot be
based on the accused infringer's post-filing conduct.  *LML Holdings*, 2012 WL
1965878, at *6; *see Pacing Tech.*, 2013 WL 444642, at *3 ("allegations of post-filing

4

knowledge are generally insufficient to support a claim").  Specifically, knowledge of a patent from "service of an initial complaint does not warrant imposition of enhanced damages for willful infringement based solely upon post-filing conduct."  *LML Holdings*, 2013 WL 1965878, at *6; *see also Eon Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. Oct. 1, 2012) (dismissing willful infringement claim where plaintiff conceded that the operative complaint alleged a defendant's knowledge "as of the date of the original Complaint's filing or service").  Instead, "[a] preliminary injunction generally provides an adequate remedy to combat an accused infringer's post-filing willful infringement."  *LML Holdings*, 2013 WL 1965878, at *5 (citing *In re Seagate*, 497 F.3d at 1372)).  In fact, "[a] patentee who does not attempt to stop an accused infringer's activities [by moving for a preliminary injunction] should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct."  *In re Seagate*, 497 F.3d at 1372.

Here, Plaintiff conclusorily alleges willful infringement without any factual support except Naughty Dog's post-filing knowledge of the asserted patents. Plaintiff's entire claim of willful infringement in the FAC is as follows:  "Naughty Dog has had knowledge of the [asserted patents] since at least as early as December 4, 2012, when Planet Blue filed its original complaint in this action, and Naughty Dog's actions constitute knowing and willful infringement of the [asserted patents]."  Doc. 92 at ¶¶ 17, 21.  Importantly, Plaintiff does not – and cannot – allege ***pre-suit knowledge*** of the asserted patents as is required to plead a claim of willful infringement.  And knowledge based on service of a complaint alone is simply insufficient.  As the Federal Circuit has held, if Plaintiff wishes to seek damages for post-filing conduct, its remedy is via a preliminary injunction, which to date Plaintiff has not sought.  Otherwise, Plaintiff is not allowed to accrue damages on this basis.  *In re Seagate*, 497 F.3d at 1372; *see also Gustafson*, 897 F.2d at 511 (there is no

5

1   "universal rule that to avoid willfulness one must cease manufacture of a product

2   immediately . . . upon filing of a suit").

3          Moreover, permitting inadequate willfulness claims like Plaintiff's to proceed

4   "would invite claims of willfulness in every patent suit, as a matter of course, and

5   regardless of the facts." *Vasudevan Software, Inc. v. TIBCO Software, Inc.*, No. C 11-

6   06638 RS, 2012 WL 1831543, at *5 (N.D. Cal. May 18, 2012) (finding plaintiff did

7   not state a claim for willful infringement).   Further, Plaintiff's attempt here to

8   bootstrap a willfulness claim based on post-filing conduct essentially insinuates that

9   Naughty Dog's mere "decision to defend this case on the merits demonstrates

10  willfulness." *See LML Holdings*, 2012 WL 1965878, at *5.  Without more, Plaintiff's

11  willfulness claim fails to state a claim to relief and must be dismissed.

12  ## B.   Plaintiff provides only conclusory allegations that are insufficient to

13  support a claim of infringement under 35 U.S.C. § 271(g)

14  Section 271(g) provides in relevant part:

15  > Whoever without authority imports into the United States or offers to
16  > sell, sells, or uses within the United States a product which is made by
    > a process patented in the United States shall be liable as an infringer, if
17  > the importation, offer to sell, sale, or use of the product occurs during
18  > the term of such process patent.

19  Section 271(g) provides for a limited, fact-specific form of infringement, applicable

20  only in unique circumstances.  Here, Plaintiff alleges no facts to support this claim and

21  therefore has failed to state a claim for relief under § 271(g) because: (1) Plaintiff has

22  not pleaded facts identifying where the patented process is performed, who performs

23  it, or whether the patented process is used to make the accused instrumentality; and

24  (2) the patented process of the asserted patents is not used directly to manufacture

25  a "product."  Thus, this claim should be dismissed.

26

27

5692566 v4

**1.    The FAC lacks a factual basis to state a claim for relief under §
271(g).**

Courts that have analyzed the legislative history behind § 271(g) have limited
the section's application only to patented processes performed outside the United
States.   '[T]he fundamental purpose underlying the passage of the statute has
absolutely no application' in a scenario when the patented methods are being used in
this country." *Asahi Glass Co., Ltd. v. Guardian Indust. Corp.*, 813 F. Supp. 2d 602,
614 (D. Del. 2011) (quoting *British Telecommns. V. SBC Commns., Inc.*, C.A. Nos.
03-526-SLR, 03-527-SLR, 03-528-SLR, 2004 WL 5264272, at *3 (D. Del. Feb. 24,
2004)); *see also Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338,
1348 (Fed. Cir. 2000) ("When the process used abroad is the same as the process
covered by a United States patent, liability for infringement arises only upon
importation, sale or offers, or use in the United States"); *Hughes Aircraft Co. v. Nat'l
Semiconductor Corp.*, 857 F. Supp. 691, 699 (N.D. Cal. 1994) ("[Section 271(g)] does
not appear to have been designed to provide a basis for holding a ***domestic***,
downstream seller of goods . . . liable for infringement" (emphasis added)).   "The
rationale is straightforward: Congress recognized that section 271(g) did not have to
address unauthorized domestic uses of patented processes, because there are already
remedies for such conduct (under 35 U.S.C. § 271(a))." *Asahi Glass*, 813 F. Supp. 2d
at 614; *see British Telecommns.*, 2004 WL 5264272, at *3 (granting motion to dismiss
under Rule 12(b)(6) because the patented methods were being used, if at all, in the
United States, and not internationally).

Given the narrow scope and limited purpose of § 271(g), to state a claim for
relief pursuant to Rule 8(a)(2), and thereby satisfy the pleading requirements under
*Twombly* and *Iqbal*, a simple restating of the statutory language is not sufficient.
First, a plaintiff must at least be able to plead facts leading to a reasonable inference
that the patented process is performed outside the United States; otherwise, § 271(g) is

simply inapplicable.  *See British Telecommns.*, 2004 WL 5264272, at *3 ("absolutely no application" to § 271(g) when patented methods at issue are "being used, if at all, in this country"); *Asahi Glass*, 813 F. Supp. 2d at 614.  Second, much like requiring a plaintiff to identify a direct infringer to plead claims for indirect infringement, a pleading must identify what entity – be it the defendant or some other entity – actually performs the patented process.  *See Sharafabadi v. Univ. of Idaho*, No. C09-1043-JLR, 2009 WL 4432367, at *5 (W.D. Wash. Nov. 27, 2009) (dismissing *pro se* complaint for failing to plead sufficient facts for infringement under § 271(g)).  Lastly, the plaintiff must state sufficient facts to allow a reasonable inference that the particular entity uses the patented process to "directly manufacture or produce" the accused product or instrumentality.  *Id.*

Here, Plaintiff provides one lone conclusory sentence to support its claim of infringement under § 271(g) in the FAC:

> By using, offering to sell, selling, and/or importing computer and/or video games created using the aforementioned software processes, Sony has been and is now infringing the [asserted patents] under 35 U.S.C. § 271(g), either literally or under the doctrine of equivalents.

Doc. 92 ¶¶ 17, 21.  This allegation is wholly deficient and merely restates the statutory language.  *Compare id. with* 35 U.S.C. § 271(g); *see Twombly*, 550 U.S. at 555.  Further, the FAC alleges that Naughty Dog's conduct only occurs "in the United States."  Doc. 92 ¶¶ 17, 21.  But § 271(g) does not apply to "unauthorized ***domestic*** uses of patented process."  *See British Telecommns.*, 2004 WL 5264272, at *3 (emphasis added); *Asahi Glass*, 813 F. Supp. 2d at 614.  Plaintiff's allegations do not allow a reasonable inference that the patented process is performed abroad, in contravention to the legislative intent behind § 271(g).

Second, the FAC does not allege a sufficient factual basis to allow a reasonable inference that the process claimed by the asserted patents is performed at all, either by Naughty Dog or some other entity.  Relief under § 271(g) is clearly unavailable if the

8

patented process is never performed.  *See* 35 U.S.C. § 271(g) ("Whoever . . . imports into the United States . . . a product which is made by a process patented in the United States").  Plaintiff's allegation that Naughty Dog infringes "[b]y using, offering to sell, selling, and/or importing computer and/or video games created using the aforementioned software processes," is passively stated and is not a fact, but, rather, a circular restating of the statute.  *See Twombly*, 440 U.S. at 555; *Sharafabadi*, 2009 WL 4432367, at *5; *see also* Doc. 41 (Order granting Defendants' earlier-filed motion to dismiss, finding that "Plaintiff's infringement allegation is a description of the Patents-in-Suit cloaked as 'fact'").  Plaintiff fails to allege *who* "create[s]" the "computer and/or video games" outside the United States.  *Sharafabadi*, 2009 WL 4432367, at *5.

Third, the pleading does not provide a factual basis to support a reasonable inference that the patented process is used to "directly manufacture or produce" the accused computer and/or video games.  *Sharafabadi*, 2009 WL 4432367, at *5.  The asserted patents are titled "Method for Automatically Animating Lip Synchronization and Facial Expression of Animated Characters."  Doc. 92 ¶¶ 9, 10.  The asserted patents do not, however, claim a process for manufacturing a "computer and/or video game."  As a result, no facts exist from which the Court can reasonably infer  how patents claiming a process for automating lip synchronization and facial expressions are used to directly manufacture a computer and/or video game.  *Sharafabadi*, 2009 WL 4432367, at *5; *Yangaroo Inc. v. Destiny Media Tech. Inc.*, 720 F. Supp. 2d 1034, 1038 (E.D. Wis. 2010).  Therefore, under *Twombly*/*Iqbal* pleading requirements, Plaintiff has not stated a claim for relief pursuant to Rule 8(a)(2), and its infringement claim under § 271(g) should be dismissed.

5692566 v4

2.    **Section 271(g) is limited to "products" that are "made by" the patented process**

Even if Plaintiff could provide facts sufficient to state a claim under § 271(g), Plaintiff would still be precluded from asserting liability under this section.  The Federal Circuit has previously analyzed the legislative history underlying § 271(g), and cautioned against a broad, sweeping application of the statute.  To the contrary, the Federal Circuit has narrowly interpreted the statute, holding that "in order for a ***product*** to have been 'made by a process patented in the United States,' it must have been a ***physical article*** that was ***'manufactured***.'"  *Bayer AG v. Housey Pharm., Inc.*, 340 F.3d 1367, 1377 (Fed. Cir. 2003) (affirming Rule 12(b)(6) motion to dismiss infringement claims under § 271(g) where "production of ***information***" was deemed not a "product") (emphasis added).  The Federal Circuit reaffirmed this holding and continued its narrow interpretation of § 271(g) by subsequently holding that "because 'transmission of information,' like the 'production of information,' does not entail the manufacturing of a physical product, § 271(g) does not apply."  *NTP, Inc. v. RIM, Ltd.*, 418 F.3d 1282, 1323 (Fed. Cir. 2005) (quoting *Bayer*, 340 F.3d at 1377).   The asserted patents-in-suit are titled "Method for Automatically Animating Lip Synchronization and Facial Expression of Animated Characters."  Doc. 92 ¶¶ 9, 10. The steps of the independent claims appear to be directed to particular methods of developing an animated scene within a group of scenes eventually accessed as part of a library of *information* with in a game.  Therefore, as § 271(g) does not apply to information, such as the accused software code and libraries at issue in this case, Plaintiff cannot state a claim of infringement under § 271(g).

Moreover, the *Bayer* court clarified the "necessary relationship under the statute between the 'process patented in the United States' and the resulting product."  340 F.3d at 1377.  "[T]he [patented] process must be ***used directly in the manufacture of the product***, and not merely as a predicate process to identify the product to be

10

manufactured." *Id.* at 1378 (emphasis added); *see Yangaroo*, 720 F. Supp. at 1038 (dismissing § 271(g) counterclaim where accused product was not directly made using asserted patent process).  A cursory review of the asserted patents demonstrates that the process claimed is not "used directly to manufacture" the accused "computer and/or video games."  The scope of the asserted patents is exceptionally narrow, and certainly does not claim methods or processes for manufacturing a "computer and/or video game."  (Doc. 92 ¶¶ 15, 19.)  *See Bayer*, 340 F.3d at 1377 ("Here, . . . the patented process is not used in the actual synthesis of the drug product.").  Indeed, as in *Bayer*, the scope of the asserted patents is more akin to ancillary, "predicate processes" that are so tangential and derivative as to not qualify as being "used directly to manufacture" computer and/or video games.    Therefore, Plaintiff's allegations fail to state a claim under the scope of § 271(g).

## IV.    CONCLUSION

For the foregoing reasons, Naughty Dog respectfully requests that the Court dismiss Plaintiff's claims of willful infringement and infringement pursuant to 35 U.S.C. § 271(g) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.


DATED: June 10, 2013

SHOOK, HARDY & BACON, L.L.P.


By:    _____/s/ Tony M. Diab_____
                Tony M. Diab

Attorneys for Defendant Naughty Dog, Inc.

11

5692566 v4