RUSS AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
Email: mfenster@raklaw.com
Irene Y. Lee, State Bar No. 213625
Email: ilee@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: 310.826.7474
Facsimile: 310.826.6991

MISHCON DE REYA NEW YORK LLP
Mark S. Raskin (*admitted Pro Hac Vice*)
Email: mark.raskin@mishcon.com
James J. McGuire (*admitted Pro Hac Vice*)
Email: james.mcguire@mishcon.com
Eric P. Berger (*admitted Pro Hoc Vice*)
Email: eric.berger@mishcon.com
750 7th Avenue, 26th Floor
New York, New York 10019
Telephone: 212.612.3270
Facsimile: 212.612.3297

Attorneys for Plaintiff
McRO, Inc., d.b.a. Planet Blue

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| McRO, INC., d.b.a.<br>PLANET BLUE,<br><br>                    Plaintiff,<br><br>          vs.<br><br>NAMCO BANDAI GAMES AMERICA,<br>INC.<br><br>                    Defendant. | Case No. 12-cv-10322 GW (FFMx)<br><br>Honorable George H. Wu<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT NAUGHTY DOG'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>**Hearing:**<br>Date: July 11, 2013<br>Time: 8:30 a.m.<br>Place: Courtroom 10<br><br>**CONSOLIDATED WITH:**<br>12-cv-10323 GW (FFMx)<br>12-cv-10326 GW (FFMx)<br>12-cv-10327 GW (FFMx)<br>12-cv-10329 GW (FFMx)<br>12-cv-10331 GW (FFMx) |

MISHCON DE REYA NEW YORK LLP

MISHCON DE REYA NEW YORK LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12-cv-10333 GW (FFMx)
12-cv-10335 GW (FFMx)
12-cv-10336 GW (FFMx)
12-cv-10337 GW (FFMx)
12-cv-10338 GW (FFMx)
12-cv-10340 GW (FFMx)
12-cv-10341 GW (FFMx)
12-cv-10342 GW (FFMx)
12-cv-10344 GW (FFMx)
12-cv-10345 GW (FFMx)

PLAINTIFF'S OPPOSITION TO DEFENDANT NAUGHTY DOG'S MOTION TO DISMISS THE FIRST
AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MISHCON DE REYA NEW YORK LLP

## TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** ............................... 1

**I. INTRODUCTION** .............................................................................. 1

**II. STATEMENT OF FACTS** ................................................................ 1

**III. ARGUMENT** .................................................................................... 2

    **A. Naughty Dog's Willful Infringement is Adequately Pled in the FAC** ................................................................................ 3

    **B. The FAC's Allegations Sufficiently Support A Claim Of Infringement Under 35 U.S.C. § 271 (g)** .................................... 7

        **1. The FAC States A Claim For Relief Under Section 271(g)** ............................................................... 8

        **2. Naughty Dog Creates, Sells, And Imports "Products" That Are "Made By" The Patented Process.** .......................... 13

**IV. CONCLUSION** ............................................................................... 16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MISHCON DE REYA NEW YORK LLP

# **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*,
  2009 U.S. Dist. LEXIS 57953, 2009 WL 1974602 (N.D. Cal. July 8, 2009)........................... 4

*and Milwaukee Elec. Tool Corp. v. Hitachi Koki Co.*,
  No. 90-cv-948 2011 U.S. Dist. LEXIS 15504 (E.D. Wisc. Feb. 14, 2011)............................. 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................................... 2, 4

*Avery Dennison Corp. v. UCB Films PLC*,
  1997 WL 665796 (N.D. Ill., Oct. 20, 1997).......................................................................... 12

*Bell Atl. Corp. v. MFS Comm'ns Co., Inc.*,
  901 F. Supp. 835 (D. Del. 1995).......................................................................................... 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................... 2, 4

*Chalmers v. Shalala*,
  23 F.3d 752 (3d Cir. 1994).................................................................................................. 11

*Clouding IP, LLC v. Amazon.com, Inc.*,
  U.S. Dist. LEXIS 73655, 2013 WL 2293452 (D. Del. May 24, 2013)................................ 5, 6

*CNET Networks, Inc. v. Etilize, Inc.*,
  528 F.Supp.2d 985 (N.D. Cal. 2007) ............................................................................ 14, 15

*Demarest v. Manspeaker*,
  48 U.S. 184, 111 S.Ct. 599 (1991)....................................................................................... 11

*Designing Health, Inc. v. Erasmus*,
  2002 WL 34536686 (C.D. Cal., Feb. 26, 2002)................................................................ 9, 12

*Estate of Esther v. United States*,
  925 F.Supp. 261 (D. NJ. 1996) ........................................................................................... 11

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007)........................................................................................... 4, 5

*Jardin v. Datallegro, Inc.*,
  2009 U.S. Dist. LEXIS 3339, 2009 WL 186194 (S.D. Cal. Jan. 20, 2009) ........................... 4

iii

MISHCON DE REYA NEW YORK LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Microsoft Corp. v. AT&T Corp.*,
 550 U.S. 437, 127 S.Ct. 1746, 167 L.Ed.2d 737 (2007) ........................................................ 15

*New Name, Inc. v. Walt Disney Co.*,
 No. 07-cv-5034, 2007 U.S. Dist. LEXIS 97855 (C.D. Cal. Dec. 3, 2007) ............................ 2

*NTP, Inc. v. Research In Motion, Ltd.*,
 418 F.3d 1282 (Fed. Cir. 2005) ...................................................................................... 14, 15

*Oracle Corp. v. DruLogic, Inc.*,
 807 F. Supp. 2d 885 (N.D. Cal. 2011) ............................................................................... 3, 4

*Ormco Corp. v. Align Tech.*,
 609 F.Supp.2d 1057 (C.D. Cal. 2009) ............................................................................. 14, 15

*Reiter v. Sonotone Corp.*,
 442 U.S. 330, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979) ........................................................ 11

*SGS-Thomson Microelectronics, Inc. v. Int'l Rectifier Corp.*,
 31 F.3d 1177 (Fed. Cir. 1994) ........................................................................................ 11, 12

*Shamrock Technologies Inc. v. Precision Micron Powders Inc.*,
 1991 WL 335362, 20 U.S.P.Q.2d 1797 (E.D.N.Y. 1991) ......................................... 11, 12, 13

*Sharafabadi v. Univ. of Idaho*,
 2009 WL 4432367 (W.D. Wash., Nov. 27, 2009) .................................................................. 9

*Sony Corp. v. LG Elecs. U.S.A., Inc.*,
 768 F. Supp. 2d 1058 (C.D. Cal. 2011) .............................................................................. 3, 4

*VE Holding Corp v. Johnson Gas Appliance Co.*,
 917 F.2d 1574 (Fed. Cir. 1990), cert. denied, 499 U.S. 922 (1991) ..................................... 11

*Westerngeco LLC v. Ion Geophysical Corp.*,
 2011 WL 3608382 (S.D. Tex., Aug. 16, 2011) .................................................................... 15

*Yangaroo Inc. v. Destiny Media Tech. Inc.*,
 *720 F. Supp.2d 1034* (E.D. Wis. 2010) ................................................................................ 9

**STATUTES**

**35 U.S.C. § 271 (g)** .............................................................................................. passim

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 8 ........................................................................................ 2

*Fed. R. Civ. P. 8(a)* .............................................................................................................. 5

iv

*Fed. R. Civ. P.* Rule 8(a)(2) ............................................................................. 2

*Fed. R. Civ. P.* 12(b)(6)..................................................................................... 2

MISHCON DE REYA NEW YORK LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S OPPOSITION TO DEFENDANT NAUGHTY DOG'S MOTION TO DISMISS THE FIRST
AMENDED COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Planet Blue's First Amended Complaint ("FAC") adequately pleads willful infringement and § 271(g) "product by process" infringement.  Planet Blue's FAC provides more than fair notice to Naughty Dog as to the infringement claims of which it stands accused and as to which it must defend.  This Court should deny Naughty Dog's Motion to Dismiss because Planet Blue has met the pleading requirements for willful infringement and infringement under 35 U.S.C. § 271(g).

**II.     STATEMENT OF FACTS**

Planet Blue filed its original complaint against Naughty Dog on December 4, 2012.  2:12-cv-10335-GW(FFMx) D.I. 1.  Naughty Dog moved to dismiss the original complaint, and on May 17, 2013, Planet Blue filed its FAC against Naughty Dog.  D.I. 92.[1]

Planet Blue's FAC alleges that Naughty Dog infringes the Patents-in-Suit's patented methods during the creation and development of specific computer and/or video games identified in Exhibit C to the FAC.  *Id*., ¶¶ 15, 17, 21.  The FAC further alleges that Naughty Dog has had actual knowledge of the Patents-in-Suit since at least December 4, 2012, when Planet Blue filed its original complaint against Naughty Dog and that Naughty Dog's actions constitute knowing and willful infringement of the Patents-in-Suit.  *Id*. ¶¶ 17, 21.  The FAC also alleges that Naughty Dog is infringing the Patents-in-Suit under 35 U.S.C. § 271(g) by using, offering to sell, selling, and/or importing computer and/or video games created using the patented methods (in other words, by selling/importing a product made by a patented process).  *Id*.

Naughty Dog is a wholly owned subsidiary of Sony Computer Entertainment America LLC ("SCEA") and allegedly has a close relationship

---

[1] Unless otherwise noted, cites to docket entries refer to the docket from the consolidated Namco Bandai action, 12-cv-10322 GW (FFMx).

MISHCON DE REYA NEW YORK LLP

with its parent. *See, e.g.,* Ex. 1 , SCEA Opening Brief in Support of its Motion to Transfer, *McRo, Inc. d.b.a. Planet Blue v. Sony Computer Entertainment America LLC*, 1:12-cv-01514-LPS D.I. 21, at 9. For example, "the marketing and financial functions of both Naughty Dog, Inc. and SCEA are handled primarily by SCEA in California," and "[m]uch overlap exists administratively between SCEA and [Naughty Dog]." *Id*. at 9, 14. SCEA has had knowledge of the Patents-in-Suit since at least January 2008 as a result of correspondence between Planet Blue's founder and employees in SCEA's legal department. *See, e.g.,* Ex. 2, Planet Blue's First Amended Complaint against SCEA, 1:12-cv-01514-LPS D.I. 13, ¶¶ 16, 21.

## III.  ARGUMENT

Planet Blue's FAC provides fair notice for both the willfulness and 271(g) allegations. "Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting FED. R. CIV. P. 8(a)(2)). This is required "in order to give the defendant fair notice of what the  . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Under Rule 8, "[d]etailed factual allegations are not required." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). The "Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6)." *New Name, Inc. v. Walt Disney Co.*, No. 07-cv-5034, 2007 U.S. Dist. LEXIS 97855, at *4 (C.D. Cal. Dec. 3, 2007) (citing *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (citation omitted).

MISHCON DE REYA NEW YORK LLP

### A.   Naughty Dog's Willful Infringement is Adequately Pled in the FAC

"To state a claim for wilful [sic] infringement, the plaintiff must provide a pleading equivalent to 'with knowledge of the patent and of his infringement.'" *Oracle Corp. v. DruLogic, Inc.*, 807 F. Supp. 2d 885, 902 (N.D. Cal. 2011) (internal quotations and citations omitted).  A plaintiff need only "make out the ***barest factual assertion*** of knowledge of an issued patent" to plead willful infringement.  *Id*. (emphasis added) (internal quotations and citations omitted). The pleading requirement for willful infringement is met where the complaint provided notice of what products or aspects of products allegedly infringe and alleged that defendants had actual notice of the patents in suit.  *Sony Corp. v. LG Elecs. U.S.A., Inc.*, 768 F. Supp. 2d 1058, 1064 (C.D. Cal. 2011).  Planet Blue's FAC more than satisfies these willful infringement pleading requirements.

The FAC plainly identifies the infringement as Naughty Dog's use of the patented methods during the creation and development of the computer and/or video games identified in FAC Exhibit C.  D.I. 92, ¶¶ 17, 21; *see also* D.I. 100, at 4 ("the amended pleadings make clear that Defendants' use of [the described software processes] to create the specifically identified games – is infringing.") Therefore, Planet Blue has identified the particular acts of infringement and associated products that give rise to Naughty Dog's willful infringement.  *See, e.g.*, D.I. 100, at 4-5.

The FAC also explicitly alleges that Naughty Dog had knowledge of the Patents-in-Suit "since at least as early as December 4, 2012, when Planet Blue filed its original complaint in this action."  D.I. 92, ¶¶ 17, 21.  The FAC also alleges that "Naughty Dog's actions constitute knowing and willful infringement of the [Patents-in-Suit]."  *Id*.  As a result, Planet Blue has alleged actual notice of the patents in suit.  Planet Blue's FAC thus sufficiently pleads willful

Mishcon de Reya New York LLP

3

infringement.  *Sony*, 768 F. Supp. 1064; *see also Oracle*, 807 F. Supp. 2d 902 (finding willful infringement sufficiently pled where plaintiff alleged defendant was aware of the patent and had actual knowledge of plaintiff's infringement claims).

Naughty Dog's arguments to the contrary suffer from two fatal flaws.  First, Naughty Dog misapplies *Seagate*.  Naughty Dog conflates the requirements for ***pleading*** willfulness (which is at issue here) and the heightened requirements for ***proving*** willfulness at trial in order to obtain enhanced damages (which is not at issue here).

This Court has ruled that *Seagate* is not controlling for pleading willful infringement, and therefore a "plaintiff need not allege specific facts establishing recklessness under *Seagate*." *Sony*, 768 F. Supp. 2d 1064.[2]  Other courts in this Circuit and elsewhere have similarly found that "*Seagate* only addressed what is necessary to prove a claim of wilfulness, not whether a plaintiff has sufficiently alleged willful infringement as a pleading matter." *Jardin v. Datallegro, Inc.*, 2009 U.S. Dist. LEXIS 3339, 2009 WL 186194 at *19 (S.D. Cal. Jan. 20, 2009) (citing *Rambus, Inc. v. Nvidia Corp.*, 2008 U.S. Dist. LEVIS 95186, 2008 WL 4911165 at *2 (N.D. Cal. Nov. 13, 2008)); *see also Oracle*, 807 F. Supp. 2d 903 ("*Seagate* addressed the requirements for proving, not pleading, willful infringement."); *Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, 2009 U.S. Dist. LEXIS 57953, 2009 WL 1974602, at *2 (N.D. Cal. July 8, 2009) (rejecting defendants' reliance on *Seagate* because it addressed "the 'evidence' necessary 'to establish' willful infringement, not the prerequisites for pleading willful infringement); *and Milwaukee Elec. Tool Corp. v. Hitachi Koki Co.*, No. 90-cv-948 2011 U.S. Dist. LEXIS 15504, at *9 (E.D. Wisc. Feb. 14, 2011) ("Although

---

[2] This Court also recognized the "'lack of complete uniformity in recent district court authority' addressing wilful [sic] infringement claims in light of *Twombly* and *Iqbal*." *Sony*, 768 F. Supp. 2d 1064 (citation omitted).

MISHCON DE REYA NEW YORK LLP

MISHCON DE REYA NEW YORK LLP

1   the defendants properly assert that *Seagate* sets forth the standard for establishing

2   willful infringement, the defendants fail to recognize that *Seagate* is not

3   controlling for purposes of pleading under *Fed. R. Civ. P. 8(a)*.")

4       Accordingly, a complaint with a claim for willful infringement need not

5   meet the heightened *Seagate* requirements, because *Seagate* addressed ***proving***,

6   not ***pleading***, willful infringement.  *See In re Seagate Tech., LLC*, 497 F.3d 1360,

7   1371 (Fed. Cir. 2007).  Furthermore, Naughty Dog's suggestion that a

8   preliminary injunction is a prerequisite for pleading willfulness in light of *Seagate*

9   is similarly inappropos.  "There is 'no *per se* requirement for a plaintiff to file for

10  preliminary injunctive relief before raising a willful infringement claim.'"

11  *Clouding IP, LLC v. Amazon.com, Inc.*, U.S. Dist. LEXIS 73655, 2013 WL

12  2293452, at 8 (D. Del. May 24, 2013) (citing *St. Clair Intellectual Prop.*

13  *Consultants v. Palm, Inc.*, 2009 U.S. Dist. LEXIS 49922, at *4-5 (D. Del. June

14  10, 2009) (internal citations omitted).

15      Second, Naughty Dog's argument that Planet Blue did not sufficiently

16  plead willfulness is also fatally flawed because Naughty Dog selected an incorrect

17  timeframe for evaluating its alleged knowledge of the Patents-in-Suit.  The

18  relevant "filing" date is the filing date of the willful infringement claim at issue

19  here, which is the filing date of the FAC.  *Id.*  However, Naughty Dog incorrectly

20  interprets the relevant "filing" date to be the date the original complaint was filed,

21  instead of the filing date of the operative willful infringement claim.  *Clouding*,

22  2013 WL 2293452, at 7.  Based on this incorrect interpretation of "pre-filing,"

23  Naughty Dog mistakenly claims that Planet Blue "alleges willful infringement

24  without any factual support except Naughty Dog's post-filing knowledge of the

25  asserted patents."  D.I. 105, at 5.  This interpretation was recently rejected by

26

27

28

Judge Stark, who is presiding over the related Planet Blue cases in the District of

Delaware.[3]  *Clouding*, 2013 WL 2293452.  In *Clouding*, Judge Stark held:

> For the purposes of pleading willful infringement, there
> appears to be little practical difference between a pre-
> complaint notice letter informing a defendant about a
> patentee's allegation of infringement and a subsequently-
> superceded original complaint formally alleging
> infringement.  Such a pre-suit letter provides a basis for
> pleading knowledge in the context of a willful
> infringement claim. . . . It follows that the circumstances
> presented here -- in which the original complaint serves
> much the same purpose (among other things) as a notice
> letter -- is likewise sufficient to plead knowledge.

*Id.* at 7-8.

Planet Blue alleged in the operative FAC, filed May 17, 2013, that Naughty

Dog had knowledge of the Patents-in-Suit since at least December 4, 2012, when

Planet Blue filed its original complaint in this action.[4]  D.I. 92, ¶¶ 17, 21.  This

knowledge alleged in the FAC is sufficient for Planet Blue's willfulness pleading,

just as if Planet Blue had sent a notice letter to Naughty Dog on December 4 and

later pled willful infringement based on Naughty Dog's knowledge of the patents

due to that letter.  *Clouding*, 2013 WL 2293452, at 7-8.  Contrary to Naughty

Dog's assertions, Planet Blue's "willful infringement claims are not based solely

on [Naughty Dog's] post-filing conduct, as they are based, at least in part, on

conduct predating the operative amended complaint."  *Id.* at 8 (internal quotations

and citations omitted).

Accordingly, Planet Blue has sufficiently plead willful infringement in the

FAC, and Naughty Dog's motion with respect to willfulness should be denied.

---

[3] Naughty Dog's parent company, SCEA is party to a related Delaware action.  *See* Ex. 2, ¶¶ 16, 21.

[4] This timeframe is particularly important as Naughty Dog developed a recently released game with three dimensional character lip synchronization during this period.  *See* http://en.wikipedia.org/wiki/The_Last_of_Us (last visited June 20, 2013) (The Last of Us was "released worldwide on June 14, 2013.")

MISHCON DE REYA NEW YORK LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MISHCON DE REYA NEW YORK LLP

### B.   The FAC's Allegations Sufficiently Support A Claim Of Infringement Under 35 U.S.C. § 271 (g).

Section 271(g) concerns direct and indirect infringement based on products made by a patented process or method.  *See* 18 U.S.C. § 271(g) ("Whoever without authority imports into the United States or offers to sell, sells, or uses within the United States *a product which is made by a process patented in the United States* shall be liable as an infringer . . . .") (emphasis added).  The Patents-in-Suit include process or method claims covered by Section 271(g), and the FAC sufficiently alleges their infringement by Naughty Dog's creation of the identified video games which, in-part, are created using that patented process.  *See, e.g.,* D.I. 92, ¶¶ 15, 17, 21.

Contrary to Naughty Dog's assertions, Section 271(g) does not create a separate, more burdensome, pleading standard required by the Federal Rules of Civil Procedure ("Rules") and Form 18.  Indeed, Naughty Dog has no basis for its position that a different standard applies.  In any event, the allegations of the FAC do not limit Naughty Dog's alleged direct and indirect infringement to video games only made in the United States but include all of its games made in the United States and abroad using the patented process that are sold, used, and/or imported by it, its agents, or customers.  Given the requisite pleading standard of the Rules and Form 18, and with no limitation alleged in the FAC as to the scope of infringement under Section 271(g), it is not necessary for the FAC to specify who practices the infringing method or where the patented process is performed (inside or outside of the U.S.).  Taking the allegation of the FAC as true -- as the Court must do at this stage of the proceedings -- Planet Blue has more than adequately pleaded infringement under Section 271(g).

Moreover, the patented processes described by the claims of the Patents-in-Suit create a tangible product used by Naughty Dog in its video games -- namely,

the actual lip-synchronized digital animation so important to the success of those games. *See, e.g.,* D.I. 92, ¶¶ 15, 17, 21. To be sure, it is that product that Naughty Dog directly incorporates into the final video game product sold. *Id.* The Patents-in-Suit do not simply create "information," as Naughty Dog's practiced sophistry would have the Court believe. *See id.* Nor does Naughty Dog merely use the patented process as an informational guide to assist it in the creation of its video games at issue. In these premises, the FAC's allegations of Naughty Dog's infringement of the Patent-in Suit are sufficient to state a claim under Section 271(g).

### 1.   The FAC States A Claim For Relief Under Section 271(g).

Rather than focus on the plain language of Section 271(g), Naughty Dog resorts to an analysis of the statute's legislative history to argue that infringement alleged pursuant to it is strictly limited to infringing products manufactured outside of the United States. See D.I. 105 at pp. 7-9. Naughty Dog has good reason to ignore the plain language of Section 271(g) -- it simply does not provide for any such condition to a claim for infringement.

Section 271(g) provides in pertinent part:

> Whoever without authority imports into the United States *or* sells *or* uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer, if the importation, sale, *or* use of the product occurs during the term of such process patent.

35 U.S.C. § 271(g) (emphasis added).

Naughty Dog attempts to impose a new pleading standard upon Planet Blue, arguing the FAC fails to state a claim under Section 271(g) because it alleges no facts that identify where the patented process is performed or who performs it. *See* D.I. 105, at 7-9 (citing *Sharafabadi v. Univ. of Idaho*, 2009 WL 4432367, at *5 (W.D. Wash., Nov. 27, 2009) and *Yangaroo Inc. v. Destiny Media Tech. Inc.,* 720

MISHCON DE REYA NEW YORK LLP

8

*F. Supp.2d 1034, 1038* (E.D. Wis. 2010)).  Notwithstanding Naughty Dog's interpretation of the plain language of the statute, Section 271(g) in no way imposes an enhanced burden of pleading for claims of infringement brought pursuant to it.  The Rules and Form 18 provide the standard for pleading patent infringement, and no further specificity is required.  *See Designing Health, Inc. v. Erasmus*, 2002 WL 34536686, at *9 (C.D. Cal., Feb. 26, 2002) (allegations of direct infringement "through the making, selling and using a composition and method for preparing a food supplement. . . more than sufficient" to properly plead infringement under Section 271(g)).

Further, neither *Sharafabadi* nor *Yangaroo* -- the only cases relied upon by Naughty Dog for its enhanced pleading assertion -- hold that for a Complaint to properly state a claim for infringement under Section 271(g), it must identify where the patented process was performed or the entity that performed the patented process.  Instead, *Sharafabadi* held that the process of the patent-in-suit was only used by defendant as a research tool to test characteristics of various seeds <u>not</u> to produce the accused IdaGold seed product, and because the Complaint could not (and did not) allege use of the patent to make a product, there could be no infringement under Section 271(g).  *See id.*, 2009 WL 4432367, at *5.  Similarly, *Yangaroo* concerned a patent for a method of distributing already existing data, but the accused product only encrypted that data.  The *Yangaroo* court held that the patent-in-suit claimed no method or process for creation of the content (*i.e.*, encryption) alleged to constitute the infringing product.  Thus, there could be no Section 271(g) infringement.  *See id.*, 720 F.Supp.2d at 1038.  Here, there are no such infirmities in the FAC, because the Patents-in-Suit provide a method for creating animated digital lip synchronization.  And, the FAC alleges that Naughty Dog infringes the Patents, because it uses that method to create its video games.  *See, e.g.,* D.I. 92, ¶¶ 15, 17, 21.

At this stage of the proceedings, the Court must draw all inferences from the allegations of the FAC in the light most favorable to Planet Blue and consider them to be true for purposes of Naughty Dog's instant motion to dismiss.  *Netgear, Inc*, 852 F. Supp. 2d at 472.  Here, the FAC does not limit the alleged infringement of Naughty Dog under Section 271(g) to video games made by it in the United States. As a result, it is reasonable to infer from the allegations of the FAC that all of Naughty Dog's identified games made using the patented process -- whether abroad or domestically -- that are also sold, used, and/or imported in the United States infringe the Patents-in-Suit.  *See Bell Atl. Corp. v. MFS Comm'ns Co., Inc.*, 901 F. Supp. 835, 852 (D. Del. 1995) (refusing to construe complaint narrowly, where plaintiff made no attempt to narrow allegations).  The FAC alleges that Naughty Dog's video games infringe the Patents-in-Suit, because Naughty Dog uses the patented process to create those games.   D.I. 92, ¶¶ 15, 17, 21.  In light of the requisite pleading standard of the Rules and Form 18, and with no limitation alleged in the FAC as to the scope of the Section 271(g) infringement, it is unnecessary for the allegations of the FAC to specify where the patented process is performed.

In any event, Naughty Dog's conclusion that allegations of infringement under Section 271(g) are only applicable to products made outside of the United States using the patented process is flawed for two reasons: (i) Section 271(g) is not ambiguous and thus resorting to legislative history to interpret its meaning is improper, and (ii) the legislative history of Section 271(g) does not support Naughty Dog's argument that infringement under the statute is limited to products made outside of the United States.

First, Section 271(g) is unambiguous and thus it is improper for Naughty Dog to resort to legislative history in an effort to interpret the meaning of the statute's plain language.  When "the terms of a statute are unambiguous, judicial

PLAINTIFF'S OPPOSITION TO DEFENDANT NAUGHTY DOG'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

MISHCON DE REYA NEW YORK LLP

MISHCON DE REYA NEW YORK LLP

1  inquiry is complete except in 'rare and exceptional circumstances'" *Demarest v.*

2  *Manspeaker*, 48 U.S. 184, 190, 111 S.Ct. 599, 604 (1991); *VE Holding Corp v.*

3  *Johnson Gas Appliance Co.*, 917 F.2d 1574, 1579 (Fed. Cir. 1990), cert. denied,

4  499 U.S. 922 (1991) (when "the language of the statute is clear and fits the case,

5  the plain meaning of the statute will be regarded as conclusive."); *SGS-Thomson*

6  *Microelectronics, Inc. v. Int'l Rectifier Corp.*, 31 F.3d 1177, at *10 (Fed. Cir.

7  1994) (same); *Shamrock Technologies Inc. v. Precision Micron Powders Inc.*,

8  1991 WL 335362, 20 U.S.P.Q.2d 1797, 1798 (E.D.N.Y. 1991) (same).  Section

9  271(g) plainly provides that "[w]hoever without authority imports into the United

10  States or sells or uses within the United States a product which is made by a

11  process patented in the United States shall be liable as an infringer . . . .  35 U.S. C.

12  § 271(g) (emphasis added).  The use of the disjunctive "or" in the statute

13  establishes that the proscribed acts -- "imports," "sells," "uses" -- constituting

14  infringement of the patented process are alternatives acts and do not restrain one

15  another.  *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 60

16  L.Ed.2d 931 (1979) ("Canons of construction ordinarily suggest that terms

17  connected by a disjunctive be given separate meanings"); *Estate of Esther v.*

18  *United States*, 925 F.Supp. 261, 270 (D. NJ. 1996) ("The term 'or' has a clear,

19  universally accepted meaning -- [a] disjunctive particle used to express an

20  alternative or to give a choice to one among two or more things.") (internal

21  citations omitted); *Chalmers v. Shalala*, 23 F.3d 752, 755 (3d Cir. 1994) (in

22  statutory construction, declining "to construe the disjunctive 'or' in any way other

23  than is plain meaning").  Moreover, the statute simply does not state that the

24  infringing product must be made outside of the United States.  Any reading of the

25  statute to imply "import" to mean the accused product must be made outside the

26  United States for a sale or use of that product to be infringing would eviscerate the

27  disjunctive "or" and plain meaning of the statute.  *See SGS-Thomson*

28

11

*Microelectronics, Inc.*, 31 F.3d 1177, at *10 (stating that the statute "mean[s] what it says" and that direct infringement of an accused product made in the United States is covered by Section 271(g)); *Shamrock Technologies Inc.*, 20 U.S.P.Q.2d at 1798-99 (same); *Designing Health, Inc.*, 2002 WL 34536686, at *7, 9 (finding infringement under Section 271(g) for product made in U.S.); *Avery Dennison Corp. v. UCB Films PLC*, 1997 WL 665796, at *2, n.2 (N.D. Ill., Oct. 20, 1997) (same).  Further, there can be no doubt that Section 271(g) fits this case because it is expressly applicable to claims for infringement "of a process patented in the United States" and, here, the Patents-in-Suit contain process or method claims alleged to be infringed by Naughty Dog's video games.  35 U.S. C. § 271(g); *Shamrock Technologies Inc.*, 20 U.S.P.Q.2d at 1799, n.4 (citing H.R. Rep. No. 60, 100th Cong., 1st Sess., at 3 (1987) (stating that the purpose of section 271(g) is to provide "meaningful protection to owners of patented processes" because prior to its enactment there was "no remedy against parties who use or sell the product, regardless where it is made.")).  Accordingly, Naughty Dog's reliance on the legislative history of Section 271(g) is misplaced.

Second, the legislative history relied upon by Naughty Dog is at best incomplete, and, in fact, when read as a whole contradicts Naughty Dog's conclusion that a product accused of infringement under Section 271(g) must be manufactured outside the United States.  As analyzed by the Federal Circuit, Section 271(g)'s legislative history conclusively provides that it does not require the accused product be manufactured outside of the United States.  "In 1983-84, when Congress first considered expanding the scope of process patent protection, several of the bills submitted in relation to this issue were limited to a product 'made in another country.'" *SGS-Thomson Microelectronics, Inc.*, 31 F.3d 1177, at *10 (citing S. 1535, 98th Cont., 1st Sess. § 1 (1983); H.R. 6286, 98th Cong., 2d Sess. § 101(a) (1984)).  "Congress later broadened its focus to include products

PLAINTIFF'S OPPOSITION TO DEFENDANT NAUGHTY DOG'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

made in the United States, in order to avoid any appearance of discrimination against foreign manufacturers [because] the Senate report accompanying the revised S. 1535 extended only to products made in another country and subsequently imported into the United States" Id. (citing S. Rep. No. 98-663, 98 Cong. 2d Sess., at 5 (1984)). "The language adopted by the Committee is broader, covering products made by the patented process either in the United States or abroad." Id. (citing S. Rep. No. 98-663, 98 Cong. 2d Sess., at 5 (1984); H.R. Rep. No. 99-807, 99th Cong., 2d Sess., at 11 (1986) ("These [revised] bills do not distinguish between products made using a patented process within the United States and those made outside the United States.")). "Thus, the bills were either amended or reintroduced to eliminate the limitation. The change was carried over into the statute as it was enacted." *Id.*; *see also Shamrock Technologies Inc.*, 20 U.S.P.Q.2d at 1799, n.4 (citing S. Rep. No. 83, 100th Cong., 1st Sess. 46 (1987) (Section 271(g) "was crafted to apply equally to the use or sale of a product made by a patented process in this country whether the product was made (and the process used) in this country or a foreign country")).

### 2. Naughty Dog Creates, Sells, And Imports "Products" That Are "Made By" The Patented Process.

Planet Blue does not disagree that infringement under Section 271(g) requires an accused product to have been made, at least in-part, by the patented process, or that the process must be used directly in the creation of the product. But Naughty Dog's assertion that the claimed methods create an "animated scene within a group of scenes" are ineligible for protection under Section 271(g), because that product will "eventually [be] accessed as part of a library of information within a game," is pure sophistry and flatly wrong. *See* D.I. 105, at 10. The product created by the Patent-in-Suit is not "information" of the kind proscribed by the Federal Circuit, but, a physical tangible product used by Naughty

13

MISHCON DE REYA NEW YORK LLP

1  Dog in its video games at issue, namely, the actual lip-synchronized animation so

2  important to the success of those games.  *See NTP, Inc. v. Research In Motion,*

3  *Ltd.*, 418 F.3d 1282, 1323 (Fed. Cir. 2005) (patent claim directed to methods for

4  transmission of information in form of email messages not inclusive of

5  manufacturing of physical product necessary to allege infringement under 271(g)).

6  Simply because something is contained in an electronic format does not

7  mean it is not a physical "product made" by a patented method for purposes of

8  infringement under 271(g).  *See CNET Networks, Inc. v. Etilize, Inc.*, 528

9  F.Supp.2d 985, 993 (N.D. Cal. 2007) (finding electronic catalog to be a physical

10  product for purposes of 271(g)); *Ormco Corp. v. Align Tech.*, 609 F.Supp.2d 1057,

11  1076 (C.D. Cal. 2009) (citing *Bayer AG v. Housey Pharmaceuticals, Inc.*, 340 F.3d

12  1367 (Fed.. Cir. 2003)) (allegations process used to create 3D digital model

13  infringed, because 3D model used as component in another product sufficient

14  under Section 271(g)).

15  In *CNET*, the District Court found that defendant's downloading and use of

16  an electronic catalog for its own sales and marketing purposes could be

17  infringement under Section 271(g).  *See id.*, 528 F.Supp.2d at 993.  In so holding,

18  the *CNET* court reasoned that "the catalog, *i.e.* the data file, is in fact an object that

19  is present in the United States, because the file is downloaded onto the local hard

20  drives of computers owned by customers in the United States" and that the

21  electronic catalog was "far from being abstract information or knowledge, [but] is

22  a physical article no different from a product catalog manufactured and assembled

23  on paper bound with stitching, glue or staples."  *Id.* at 994.  Similarly, in *Ormco*,

24  the Court found that a "3D digital model is not a mere package of information, but

25  a creation produced by practicing each step of a patented process," and the fact that

26  it was used only as a "component" of the accused product did not bar infringement

27  under Section 271(g).  *See id.*, 609 F.Supp.2d at 1076-77.

28

MISHCON DE REYA NEW YORK LLP

14

MISHCON DE REYA NEW YORK LLP

1     Moreover, the United States Supreme Court has held that "the imprinting of

2   abstract software onto a computer-readable medium transforms abstract

3   information into a tangible item." *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437,

4   450-52, 127 S.Ct. 1746, 167 L.Ed.2d 737 (2007).  As a result, even seismic data

5   generated by a patented process and used in an accused product has been held

6   sufficient to state a claim for infringement under Section 271(g).  *See Westerngeco*

7   *LLC v. Ion Geophysical Corp.*, 2011 WL 3608382, at * 14 (S.D. Tex., Aug. 16,

8   2011).  Relying on *CNET Networks* and *Microsoft Corp.*, the *Westerngeco* court

9   found that since the seismic data at issue was recorded onto a tangible medium,

10   and defendants used that product to manufacture a tangible product, and both

11   would be sold in the United States, plaintiff had sufficiently alleged infringement

12   under Section 271(g).  *See Westerngeco LLC*, 2011 WL 3608382, at * 14.

13   Here, the product created by the method and process of the Patents-in-Suit -- lip-

14   synchronized animation of the type in Naughty Dog's video games -- is used and

15   recorded by Naughty Dog onto tangible medium -- its video game CD-ROMS and

16   Blu-Ray disks -- and sold and used by it and its customers in the United States.

17   *See* D.I. 92, ¶¶ 15, 17, 21.  Thus, that product, being far from mere information of

18   the type described in *NTP*, is a physical and tangible product for purposes of

19   Section 271(g).  *See CNET Networks, Inc.*, 528 F.Supp.2d at 993; *Ormco Corp.*,

20   609 F.Supp.2d at 1076; *Microsoft Corp.*, 550 U.S. at 450-52; *Westerngeco LLC*,

21   2011 WL 3608382, at * 14.  Moreover, simply because the product produced by

22   the patented method is only used as one component of Naughty Dog's video

23   games, Naughty Dog is not insulated from infringement under Section 271(g).

24   Infringing component products are expressly covered under Section 271(g) as

25   well.  *See Ormco Corp.*, 609 F.Supp.2d at 1077 (discussing exception in

26   271(g)(2) and stating that "if no component could be a 'product,' then there

27   would be no need to have an explicit exception for products that become "trivial

28

15

PLAINTIFF'S OPPOSITION TO DEFENDANT NAUGHTY DOG'S MOTION TO DISMISS THE FIRST
AMENDED COMPLAINT

1  and nonsensical components of another product.").  Accordingly, the FAC's

2  allegations are sufficient under Section 271(g).

3  **IV.    CONCLUSION**

4        Planet Blue's FAC properly pleads and puts Naughty Dog on sufficient

5  notice as to Planet Blue's claims for willful infringement and "product by

6  process" infringement under Section 271(g).  As such, Naughty Dog's Motion to

7  Dismiss should be denied.

8

9  Dated:  June 20, 2013                    Respectfully submitted,

10                                            MISHCON DE REYA NEW YORK LLP

11                                           By:  /s/ Mark S. Raskin
                                                  Mark S. Raskin
12                                                James J. McGuire
                                                  Eric P. Berger
13

14                                            RUSS AUGUST & KABAT
                                               Marc A. Fenster
15                                             Irene Y. Lee

16                                            Attorneys for Plaintiff
                                              McRo, Inc., d.b.a. Planet Blue
17

18

19

20

21                    **CERTIFICATE OF SERVICE**

22        I hereby certify that on June 20, 2013, the foregoing document was filed

23  electronically via the Court's Electronic Case Filing System (ECF).  Notice of the

24  filing is being served upon all counsel of record automatically through Notice of

25  Electronic Filing.

26                                            /s/ Mark S. Raskin
                                              Mark S. Raskin
27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT NAUGHTY DOG'S MOTION TO DISMISS THE FIRST
AMENDED COMPLAINT

MISHCON DE REYA NEW YORK LLP