DURIE TANGRI LLP
SONAL N. MEHTA (SBN 222086)
smehta@durietangri.com
EUGENE NOVIKOV (SBN 257849)
enovikov@durietangri.com
CATHERINE Y. KIM (SBN 308442)
ckim@durietangri.com
TIMOTHY P. HORGAN-KOBELSKI (SBN 319771)
tkobelski@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:  415-362-6666
Facsimile:   415-236-6300

Attorneys for Defendants
Electronic Arts Inc.; Activision Publishing, Inc.;
Blizzard Entertainment, Inc.; and Infinity Ward, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| MCRO, INC., D.B.A. PLANET BLUE,<br><br>Plaintiff,<br><br>v.<br><br>BANDAI NAMCO GAMES AMERICA, INC., et al.,<br><br>Defendants. | Lead Case No. 12-cv-10322-GW (FFMx)<br><br>**LOCAL RULE 37-2 JOINT STIPULATION RE: DEFENDANTS' MOTION FOR ATTORNEYS' FEES UNDER RULE 37(A)(5)**<br><br>Date:  July 10, 2018<br>Time:  10:00 a.m.<br>Ctrm:  580<br>Judge: Honorable Frederick F. Mumm<br><br>CONSOLIDATED WITH: |
| MCRO, INC., D.B.A. PLANET BLUE,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC ARTS INC.,<br><br>Defendant. | Case No. 2:12-cv-10329-GW (FFMx) |

| | |
|---|---|
| MCRO, INC., D.B.A. PLANET BLUE,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION PUBLISHING, INC. and BLIZZARD ENTERTAINMENT, INC.,<br><br>Defendants. | Case No. 2:14-cv-00336-GW (FFMx) |
| MCRO, INC., D.B.A. PLANET BLUE,<br><br>Plaintiff,<br><br>v.<br><br>INFINITY WARD, INC.,<br><br>Defendant. | Case No. 2:14-cv-00352-GW (FFMx) |
| MCRO, INC., D.B.A. PLANET BLUE,<br><br>Plaintiff,<br><br>v.<br><br>NAUGHTY DOG, INC.,<br><br>Defendant. | Case No. 12-cv-10335 GW (FFMx) |
| MCRO, INC., D.B.A. PLANET BLUE,<br><br>Plaintiff,<br><br>v.<br><br>SUCKER PUNCH PRODUCTIONS LLC,<br><br>Defendant. | Case No. 14-cv-00332 GW (FFMx) |
| MCRO, INC., D.B.A. PLANET BLUE,<br><br>Plaintiff,<br><br>v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA LLC,<br><br>Defendant. | Case No. 14-cv-00383 GW (FFMx) |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| MCRO, INC., D.B.A. PLANET BLUE,<br><br>                          Plaintiff,<br><br>     v.<br><br>SQUARE ENIX, INC.,<br><br>                          Defendant. | Case No. 2:12-cv-10338-GW (FFMx) |
| --- | --- |

# <u>TABLE OF CONTENTS</u>

**Page**

I.   DEFENDANTS' INTRODUCTORY REMARKS...................................................1

II.  PLAINTIFFS' INTRODUCTORY REMARKS..................................................2

III. DEFENDANTS' CONTENTIONS REGARDING RULE 37 ATTORNEY
     FEES ................................................................................................5

    A.   Background .........................................................................5

    B.   Legal Standard....................................................................8

    C.   The Court Should Award Fees. .............................................9

        1.   Defendants' motion was granted *and* McRO produced the
                requested discovery after filing...............................9

        2.   Defendants met and conferred in good faith.....................10

        3.   McRo was not substantially justified in opposing Defendants'
                request. ...........................................................10

            a.   McRo was not substantially justified in opposing the
                     initial request to produce settlement agreements. ...........10

        4.   McRo was not substantially justified in refusing to produce the
                Warner Bros. agreement before the last day ordered by the
                Court...............................................................13

        5.   No circumstances make an award of expenses unjust. ......14

    D.   Conclusion........................................................................15

IV.  PLAINTIFF'S CONTENTIONS REGARDING RULE 37 ATTORNEY
     FEES ................................................................................................15

    A.   Background Ignored By Defendants.........................................15

    B.   Planet Blue's Discovery Conduct Was Justified by Prior Instructions
          and Rulings of this Court ..................................................17

    C.   Planet Blue Must Be Awarded Fees and Costs Pursuant to Fed. R. Civ.
          P. 37(a)(5)(B) ..................................................................19

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amtrust Bank v. Carriage Estates, III, LLC*,
No. EDCV 09-2275-VAP, 2011 WL 13223894 (C.D. Cal. May 20, 2011) ................... 9

*Balla v. Idaho*,
677 F.3d 910 (9th Cir. 2012) ........................................................................... 8

*Cabrales v. Aerotek, Inc.*,
No. EDCV 17-1531-JGB-KKX, 2018 WL 2121829 (C.D. Cal. May 8, 2018) ........................................................................................................... 11

*Cathay Pac. Airways, Ltd. v. Fly and See Travel, Inc.*, No. 90 Civ. 0371 (JES), 1991 WL 156381 (S.D.N.Y. Aug. 8, 1991)....................................... 14

*Commonwealth Sci. & Indus. Research Org. v. Cisco Sys., Inc.*,
809 F.3d 1295 (Fed. Cir. 2015) ..................................................................... 18

*Day v. Forman Automotive Group*,
No. 2:12-cv-00577, 2013 WL 5408576 (D. Nev. Sept. 25, 2013) ............................ 9, 14

*ePlus, Inc. v. Lawson Software, Inc.*,
700 F.3d 509 (Fed. Cir. 2012) ....................................................................... 18

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
694 F.3d 51 (Fed. Cir. 2012) ......................................................................... 18

*Milgard Mfg., Inc. v. Liberty Mut. Ins. Co.*,
No. C13-6024 BHS, 2015 WL 1884069 (W.D. Wash. Apr. 14, 2015) ...................... 10

*Molski v. Evergreen Dynasty Corp.*,
500 F.3d 1047 (9th Cir. 2007) ......................................................................... 9

*In re MSTG, Inc.*,
675 F.3d 1337 (Fed. Cir. 2012) ...................................................................... 11

*Pierce v. Underwood*,
487 U.S. 552 (1988)..................................................................................... 10

*Reygo Pac. Corp. v. Johnston Pump Co.*,
680 F.2d 647 (9th Cir. 1982) ........................................................................... 8

*Shaw v. Tujunga Restaurants, Inc.*,
    No. CV 12-2193-SVW, 2012 WL 5974184 (C.D. Cal. Nov. 6, 2012) .......................... 9

*Vaca v. Rio Props., Inc.*,
    No. 2:08-cv-00940-RLH-LRL, 2011 WL 830519 (D. Nev. March 3,
    2011) ................................................................................................................ 14

**Rules**

Fed. R. Civ. P. 37(a)(5)................................................................................*passim*

LOCAL RULE 37-2 JOINT STIPULATION RE: DEFENDANTS' MOTION FOR
ATTORNEYS' FEES UNDER RULE 37(A)(5) / CASE NO. 12-CV-10322-GW (FFMX)

# I.   DEFENDANTS' INTRODUCTORY REMARKS

Since December 2017, Defendants have made numerous reasonable requests that McRo produce its settlement agreements with defendants who have settled out.  McRo has turned what should have been a straightforward request into an ordeal that has required months of meeting and conferring, a motion to compel (resolved in defendants' favor), an *ex parte* follow-up motion to compel (subsequently mooted), and now a motion for fees.  McRo has pointlessly multiplied these proceedings, driven up Defendants' expenses, and wasted this Court's time.  Defendants Electronic Arts, Inc., Activision Publishing Inc., Blizzard Entertainment Inc., and Infinity Ward Inc., which incurred the fees and costs of briefing and arguing the motion, now move for sanctions under Federal Rule of Civil Procedure 37(a)(5).

McRo's conduct falls squarely within the sort of conduct Rule 37 seeks to deter. McRo resisted a meet and confer on this issue for weeks, and finally agreed to speak only to refuse to produce the requested documents.  When Defendants duly filed a motion to compel, McRo opposed it – only to produce several of the disputed agreements two weeks later.  When the Court held the hearing on the remainder of Defendants' motion, McRo's counsel did not show up and had to be reached on the phone by the Courtroom Deputy. When the Court told McRo at the hearing that it had a continuing obligation to produce settlement agreements pursuant to the relevant Request for Production, Defendants asked for the materials to be provided ahead of an upcoming expert report deadline to which they were directly relevant.  McRo refused, telling Defendants that it would produce the agreements only on the Court's production deadline.  Defendants filed an *ex parte* application, which McRo also opposed before producing the two then-remaining agreements too late to be of use prior to the expert report deadline.

This is not merely a case where there has been a difference of opinion with respect to a party's discovery obligations.  Instead, McRo has deliberately and repeatedly played games with the meet and confer and motion to compel process, strategically withholding

documents only to produce them either after Defendants went to the expense of filing a motion, or too late to be useful.  The Court should award Defendants their fees and costs for having to repeatedly file motions on this issue.

## II.   PLAINTIFFS' INTRODUCTORY REMARKS

Discovery in this case closed on November 2, 2017.  During this case, the Court provided a singular message regarding deadlines and discovery:

> when I set cutoff dates, cutoff dates are cutoff dates.  In other words, if I say fact discovery ends on, let's say, August 1st, it ends on August 1st. So, therefore, don't file a motion in July -- discovery motion in July because it is not going to be able to be effectuated after August 1st. When I set a cut off date, it is a cutoff date.

(D.I. 522-2, January 23, 2017 Hearing Tr. at 12.)  Defendants apparently had the same understanding as Planet Blue. *See, e.g.,* D.I. 509 at 3 (defendant Square Enix quoting the Court's statement in opposing Planet Blue's motion to compel).  Magistrate Judge Mumm's initial denial of Planet Blue's motion to compel Square Enix to produce documents expressly noted that "the discovery cutoff date has passed."  (D.I. 511 at 1).  The Court also again noted that discovery was closed in its order that Planet Blue supplement its infringement contentions.  (D.I. 527 at 6.)  Finally, in its order compelling Square to produce documents in response to Planet Blue's motion, the Court did not further address the parties' ongoing obligations, reinforcing Planet Blue's (indeed, the parties') understanding that discovery was closed, and that barring any subsequent order from the Court to the contrary, the parties' obligations were complete.  In fact, the Court's admonition was cited by the court in the Western District of Washington in granting third party Bungie's motion to quash a Planet Blue subpoena related to one of the games at

LOCAL RULE 37-2 JOINT STIPULATION RE: DEFENDANTS' MOTION FOR ATTORNEYS' FEES UNDER RULE 37(A)(5) / CASE NO. 12-CV-10322-GW (FFMX)

issue.[1]  (*See* Ex. A, Case No. 2:17mc00146 (JLR), D.I. 18, Order Granting Bungie Motion to Quash; Ex. B, Hearing Tr. dated January 11, 2018, at 12:12-21, Case No. 2:17mc00146 (JLR).)

In light of the Court's admonition, Planet Blue reasonably believed that the cutoff date set by the Court governed discovery in this case.  It is of import that over the course of this case, Planet Blue produced over 16,000 documents, including nine settlement agreements entered into before the close of fact discovery.  Planet Blue produced four settlement agreements on March 2, 2018 after Planet Blue's expert decided *that day* to rely on them in his report.  Prior to that decision, Planet Blue reasonably believed that the Court's instructions regarding the close of fact discovery governed.  The production of those settlement agreements was completely unrelated to Defendants' demands.  Of course, Defendants had three weeks following this production to address them in Defendants' rebuttal expert report.

On March 20, 2018, Magistrate Judge Mumm ordered Planet Blue to produce all settlement agreements.  March 20, 2018 Order of Magistrate Judge Mumm.  Magistrate Judge Mumm gave Planet Blue fourteen days to produce the documents.  *Id*.  Critically, despite having ample opportunity to do so at the hearing, ***Defendants did not object to this deadline***.  Nevertheless, ***after*** the hearing, Defendants emailed Planet Blue demanding immediate compliance with Magistrate Judge Mumm's order, despite the clear fourteen day deadline.  (D.I. 608.)  When Planet Blue reminded Defendants of Magistrate

---

[1] Bungie developed a game, "Destiny," for Activision.  Activision claimed it did not have information related to how lip-synchronization was performed in that game and told Planet Blue that the game was developed by Bungie.  Planet Blue served Bungie with a subpoena seeking information about the method of lip-synchronization used.  Bungie initially indicated it would cooperate with the subpoena, but after delaying for a number of weeks past the fact discovery deadline, eventually moved to quash.  Bungie claimed that the subpoena, although served during the discovery period, was too late in light of the Court's admonition cited above.  The court for the Western District of Washington granted the motion to quash both on that basis and based on the court's conversation with Judge Wu about the issue (which discussion also covered this Court's grant of Planet Blue's motion to compel regarding Square Enix).  (*See* Ex.16, Hearing transcript dated January 11, 2018, Page 12:12-21 Case No. 2:17mc00146 (JLR).)

1   Judge Mumm's fourteen day deadline to produce the agreements, Defendants rushed to

2   file a baseless and unnecessary *ex parte* motion, ***one that they later withdrew***.

3      Defendants filed their (withdrawn) *ex parte* motion, despite (1) this court already

4   noting that motions to compel may not be brought *ex parte*, (D.I. 511), (2) Defendants not

5   having objected during the hearing to the time provided to Planet Blue to comply with

6   Magistrate Judge Mumm's order, effectively waiving their objection and (3) the allotted

7   time for Planet Blue's production not having elapsed.  Indeed, Defendants do not dispute

8   that Planet Blue fully complied with Magistrate Judge Mumm's order.

9      In addition to Defendants' failure to identify a violation by Planet Blue of any

10  discovery order, Defendants' complaints ring particularly hollow in view of their attempt

11  to apply their misreading of the discovery deadlines in only one direction.  Specifically,

12  no Defendant has produced a single document or discovery supplementation since the

13  close of fact discovery on November 2, 2017.  Defendants' refusals come despite

14  Magistrate Mumm's admonition that the continuing obligation regarding discovery

15  applies to both sides, and despite Planet Blue's multiple requests for additional specific

16  categories of documents at the same time Defendants pressed for the settlement

17  agreements.  (D.I. 610-2, Ex. A, Novikov Decl., Emails from Raskin to Defendants.)

18     Because Planet Blue has complied with all discovery orders, and Defendants'

19  motion is based on purported discovery obligations not ordered by the Court, Defendants'

20  motion should be denied.

21

22

23

24

25

26

27

28

LOCAL RULE 37-2 JOINT STIPULATION RE: DEFENDANTS' MOTION FOR
ATTORNEYS' FEES UNDER RULE 37(A)(5) / CASE NO. 12-CV-10322-GW (FFMX)

**REQUEST FOR PRODUCTION NO. 50:**

All documents and things that comprise or relate to any license, covenant not to sue, agreement, settlement, or other understanding, or to any offer to enter into the above, concerning the Patents-in-Suit.

**RESPONSE:**

Planet Blue incorporates by reference each of its General Objections as though stated fully herein. Planet Blue also objects to this Request For Production to the extent it seeks information subject to the attorney-client privilege, the work product doctrine, or any other doctrine, privilege or immunity from disclosure, by, among other things, calling for the mental impressions of counsel. Planet Blue also objects to the terms "agreement" and "other understanding" as vague and ambiguous. Planet Blue further objects to this request to the extent it seeks documents that are already in Defendants' possession, custody or control. Subject to and without waiving its General and Specific Objections, Planet Blue responds that it has produced settlement agreements responsive to this Request.

**III.   DEFENDANTS' CONTENTIONS REGARDING RULE 37 ATTORNEY FEES**

**A.   Background**

The factual background of this dispute is set forth in detail in Defendants' three prior filings (ECF Nos. 596, 602 and 610), and we recapitulate the timeline briefly here for the Court's convenience.

December 27, 2017:  McRo dismisses former defendants Namco Bandai and Valve. ECF Nos. 553 and 554.

December 28, 2017:  Defendants email McRo requesting the settlement agreements with Namco Bandai and Valve.  McRo does not respond.  See Declaration of Eugene Novikov ("Novikov Decl.") Ex. 1.

January 2, 2018:  McRo stipulates to a stay of the case against two more

1  defendants, Sega and Index Digital, in anticipation of a settlement.  ECF No. 555.

2  January 5, 2018 and January 10, 2018:  Defendants email McRo a second and third
3  time requesting the above agreements, still getting no response.  Novikov Decl. Ex. 1.

4  January 17, 2018:  Defendants request the agreements again, and McRo finally
5  agrees to meet and confer on the subject.  McRo refuses to produce the agreements solely
6  on the basis that fact discovery is closed, neither disputing their relevance nor claiming
7  burden.  Novikov Decl. ¶ 2, Ex. 1.

8  February 9, 2018:  Defendants send McRo their portion of a joint motion to compel
9  production of the Namco Bandai, Valve, and Sega/Index agreements, per Magistrate
10  Mumm's procedure for discovery disputes.  Defendants also request in their motion that
11  the Court order production of any future agreements McRo may enter into.  Novikov
12  Decl. Ex. 2; ECF No. 596.

13  February 16, 2018:  McRo responds with its portion of the joint motion, opposing
14  production of the agreements on relevance grounds in addition to citing the close of fact
15  discovery.  Novikov Decl. Ex. 3.

16  February 22, 2018:  Defendants file the motion.  ECF No. 596.

17  March 2, 2018:  McRo produces the four agreements specifically identified in
18  Defendants' motion, along with an expert report that discusses and analyzes the very
19  agreements McRo argued it should not have to produce because they are not relevant.
20  Novikov Decl. Ex. 4; Ex. 14 (Kennedy Report) at 36-37 (discussion of Bandai and Valve
21  licenses McRo was refusing to produce); *Id.*, Ex. 14 at Exs. 4A.1-4G2 (detailed analysis
22  of individual settlement agreements).

23  March 4, 2018:  Defendants advise McRo that the production of the agreements did
24  not moot their motion because McRo still was not agreeing to produce future agreements,
25  and also advise McRo of their intent to seek their fees in having to file the motion.
26  Novikov Decl. Ex. 5.

27  March 6, 2018:  Defendants file their supplemental memorandum in support of the

28

motion to compel, bringing the above facts to the Court's attention.  ECF No. 602.  McRo does not file a supplemental memorandum, though the Court's procedures entitled it to do so.

March 20, 2018, 10 a.m.:  The Court holds a hearing on the Motion, to which undersigned counsel travels from San Francisco.  Novikov Decl. ¶ 3.  McRo's counsel fails to appear until reached on the phone by the Courtroom Deputy.  *Id*.  The Court grants the motion, advises McRo of its continuing obligation to produce settlement agreements concerning the patents-in-suit, and orders the agreements produced in no later than 14 days.  Novikov Decl. Ex. 6 (5/20 Transcript) at 5:20-24.

March 20, 2018, 3 p.m.:  McRo files a stipulation of dismissal of defendant Warner Bros., which states that McRo and Warner Bros. signed a settlement agreement on March 8, 2018.  ECF No. 606.

March 20, 2018, 8 p.m.:  Defendants email McRo asking for production of the Warner Bros. agreement ahead of the March 29 expert report deadline.  Novikov Decl., Ex. 7.  McRo does not respond.

March 23, 2018:  Defendants email McRo again asking for production of the Warner Bros. agreement.  Novikov Decl. Ex. 8.  McRo responds stating that it would not produce the agreement (a single PDF file) until precisely 14 days after the Court's March 20 order.  Novikov Decl. Ex. 9.

March 26, 2018:  Defendants file an *ex parte* motion seeking production of the Warner Bros. agreement in time for their experts to consider it ahead of the March 29 expert report deadline.  ECF No. 610.

March 27, 2018:  McRo opposes the *ex parte* motion, citing no justification for its refusal to produce the agreement, instead seeking to tie the issue to its own entirely unrelated discovery requests (which it has not since pursued).  ECF No. 611.

March 30, 2018:  The expert report deadline having passed and the Court not having ruled on Defendants' *ex parte*, Defendants withdraw it as moot. ECF No. 617.

April 3, 2018:  McRo produces the agreement precisely 14 days after the March 20 hearing.  Novikov Decl. Ex. 10.

May 10, 2018:  McRo files a stipulation of dismissal of Defendant Konami.  ECF No. 651.  Defendants email requesting the settlement agreement.  Novikov Decl., Ex. 11. McRo does not respond until Defendants' request to meet and confer on this motion. Novikov Decl. Ex. 12.

Defendants incurred $8,369.09 in fees and costs in filing and arguing the motion to compel and filing the *ex parte*.   Novikov Decl., ¶ 4.

## B.    Legal Standard.

Federal Rule of Civil Procedure 37(a)(5) provides that, following the filing of a motion to compel discovery, "[i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion is filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  The Rule further states that the Court must not make such an award if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust."

The Ninth Circuit has held that "Rule 37(a)(5)(A) requires the court to award attorneys fees in most circumstances where 'the disclosure or requested discovery is provided after the motion was filed,' even though in such a circumstance, there would be no order compelling the party to do what it has already done."  *Balla v. Idaho*, 677 F.3d 910, 920 (9th Cir. 2012).  The relevant question with respect to whether to award fees following discovery disputes is whether "the losing party acted justifiably in carrying his point to court," which requires asking whether "reasonable people could differ" about the appropriateness of the losing party's actions.  *Reygo Pac. Corp. v. Johnston Pump Co.*,

680 F.2d 647, 649 (9th Cir. 1982), *disapproved on other grounds*, *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1055 (9th Cir. 2007).  "The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified."  *Day v. Forman Automotive Group*, No. 2:12-cv-00577, 2013 WL 5408576, at *1 (D. Nev. Sept. 25, 2013).

The Rule permits recovery for time spent by attorneys in preparing the moving papers on the motions, as well as time spent attending the hearing.  *Amtrust Bank v. Carriage Estates, III, LLC*, No. EDCV 09-2275-VAP (DTBx), 2011 WL 13223894, at *2 (C.D. Cal. May 20, 2011).

### C.     The Court Should Award Fees.

The Court should award fees in this case because the requirements of Federal Rule of Civil Procedure 37(a)(5) are met, and because McRo's conduct, far from being substantially justified, was calculated to prejudice Defendants, drive up their legal bills, and waste everyone's time.

### 1.     Defendants' motion was granted *and* McRO produced the requested discovery after filing.

Federal Rule of Civil Procedure 37(a)(5) provides that the Court *must* award reasonable fees and costs if a motion to compel discovery is granted "or if the disclosure or requested discovery is provided after the motion was filed."  Here, *both* are true.  After nearly a month of meeting and conferring, Defendants filed their motion to compel.  Prior to the hearing, McRo mooted the bulk of it by providing the agreements specifically requested in the motion.  At the hearing, the Court granted it with respect to extant agreements (which included the then-unproduced Warner Bros. agreement) and reminded McRo that it had a continuing obligation to produce agreements that may spring into existence in the future.

Defendants are thus the prevailing party on the underlying discovery motion.  *See Shaw v. Tujunga Restaurants, Inc.*, No. CV 12-2193-SVW (SPx), 2012 WL 5974184, at

*4 (C.D. Cal. Nov. 6, 2012) (noting that Rule 37(a)(5) provides for a fee award to the "prevailing party on a discovery motion").  An award of fees can be particularly justified where the non-moving party "produced some of the requested documents after [the motion to compel is filed]."  *Milgard Mfg., Inc. v. Liberty Mut. Ins. Co.*, No. C13-6024 BHS, 2015 WL 1884069, at *3 (W.D. Wash. Apr. 14, 2015).  The requirements for an award of sanctions under Rule 37 are therefore met.

### 2.      Defendants met and conferred in good faith.

Defendants did not file their motion "before attempting in good faith to obtain the disclosure or discovery without court action."  Fed. R. Civ. P. 37(a)(5)(A)(i).  To the contrary, Defendants sent four email requests for the agreements and participated in a telephonic meet and confer to attempt to resolve the issue.  *Supra* at 1-2.  Defendants only filed after McRo expressly refused to provide the discovery requested.  *Id.*

### 3.      McRo was not substantially justified in opposing Defendants' request.

#### a.      McRo was not substantially justified in opposing the initial request to produce settlement agreements.

Objections to a discovery request are "substantially justified" if they present a "genuine dispute," or "if reasonable people could differ as to the appropriateness of the contested action."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  Here, McRo made a shifting series of objections that were without merit, and that McRo selectively abandoned when it was to its advantage to do so.  McRo's own conduct demonstrates that the materials sought in Defendants' motion were relevant and needed to be produced.

When the parties met and conferred, McRo objected to Defendants' request for recently executed settlement agreements on the grounds that discovery was closed.  Novikov Decl. ¶ 2.  Defendants' motion pointed out that courts routinely order the production of post-close-of-fact-discovery settlement agreements in situations like these, and cited several cases.  ECF No. 596-01 at 5-7.  In response, McRo cited no contrary authority and indeed virtually ***abandoned*** the argument (apart from lip service in

1  introductory remarks) that the close of fact discovery should preclude the production of

2  these agreements, thus demonstrating that it was without merit.  *Id.* at 7-9.

3        Instead of arguing that the agreements did not need to be produced because

4  discovery was closed, McRo now claimed that the agreements are ***irrelevant*** to the issue

5  of damages in this case because they are settlement agreements reached to resolve

6  litigation.  *Id.*  This position is contrary to controlling Federal Circuit precedent.  *See In re*

7  *MSTG, Inc.*, 675 F.3d 1337, 1348 (Fed. Cir. 2012) (noting that "[o]ur cases appropriately

8  recognize that settlement agreements can be pertinent to the issue of reasonable royalties,"

9  and that the district court in that case properly ordered production not only of the

10  agreements but of the negotiation documents that led to the agreements).  None of the

11  cases McRo cited in support even addressed the question of whether settlement

12  agreements are ***discoverable***, and instead addressed the circumstances under which they

13  should or should not be excluded from consideration at trial.  ECF No. 596-01 at 8-9.  It is

14  of course black-letter law that just because the ultimate admissibility of a piece of

15  evidence may be in question does not mean that the evidence need not be produced in

16  discovery.  *Cabrales v. Aerotek, Inc.*, No. EDCV 17-1531-JGB-KKX, 2018 WL 2121829,

17  at *2 (C.D. Cal. May 8, 2018) ("Relevant information need not be admissible in evidence

18  to be discoverable.").

19        The frivolousness of McRo's relevance objection was demonstrated eight days

20  after Defendants filed their opposed motion, when McRo: (a) produced the four

21  agreements specifically named in the motion, and (b) served an expert report that (despite

22  McRo's arguments about relevance) included detailed analysis of the settlement

23  agreements reached in litigation in numerous appendices.  In addition to discussion of ***two***

24  ***of the very same settlement agreements that McRo refused to produce***, the expert relied

25  on a number of the settlement agreements (which McRo had argued to the Court were not

26  probative of a reasonable royalty) as a component of his reasonable royalty analysis.

27  Novikov Decl. Ex. 14 (Kennedy Report) at 36-37 (discussion of Bandai and Valve

28

licenses McRo was refusing to produce); *Id.*, Ex. 14 at Exs. 4A.1-4G2 (detailed analysis of individual settlement agreements).

Asked why McRo forced Defendants to file a motion to compel production of those agreements, McRo said that counsel had decided to produce the agreements earlier on the day that it produced them.  Novikov Decl. Ex. 5.  Apart from not constituting a justification for refusing to produce the material for months and forcing Defendants to file a motion only to reverse course, this is also highly implausible given that two of the agreements were discussed in McRo's expert report.  Given the lead time usually required for expert reports, it beggars belief that McRo decided to include and produce the agreements earlier on the day its damages report was due.  The only plausible conclusion is that McRo deliberately withheld the agreements to prejudice Defendants and run up their legal costs.

McRo having clearly abandoned its relevance objections, Defendants also asked McRo to at this point agree to produce future agreements.  Novikov Decl. Ex. 5.  In response, McRo resurrected its close-of-discovery argument and agreed that Defendants' motion was not mooted.  *Id.*  Defendants were forced to attend the hearing, only for McRo not to show up.  Reached by phone at the scheduled hearing on the motion, counsel then abandoned this argument too, instead attempting to tie the issue to completely unrelated, belated requests to Defendants on which Defendants said they were willing to meet and confer but that McRo has not bothered to pursue in the weeks since.[2]  Novikov Decl. Ex. 6 at 4:10-21.

The substantive weakness of McRo's arguments, its inconsistent positions, and its self-serving abandonment of objections it made to Defendants' counsel and to the Court

---

[2] The requests in question concerned seemingly randomly-selected Requests for Production about issues like marketing, prior art, and communications with third parties about the patents-in-suit.  ECF No. 611 at 5-8.  McRo mentioned them in its opposition to Plaintiffs' later *ex parte*, discussed below, but has not pursued or even so much as mentioned them in the nearly two months since, thus confirming that they were a red herring to oppose the legitimate and limited discovery request raised by Defendants.

LOCAL RULE 37-2 JOINT STIPULATION RE: DEFENDANTS' MOTION FOR ATTORNEYS' FEES UNDER RULE 37(A)(5) / CASE NO. 12-CV-10322-GW (FFMX)

1    mere days earlier demonstrate that it was not substantially justified in opposing

2    Defendants' request to update its production of settlement agreements.

3                    **4.      McRo was not substantially justified in refusing to produce the
                             Warner Bros. agreement before the last day ordered by the Court.**
4

5            Hours after the hearing at which the Court ordered McRo to produce settlement

6    agreements within 14 days, McRo filed a stipulation of dismissal revealing for the first

7    time that it had executed a new settlement agreement with Warner Bros. days earlier.

8    ECF No. 606.  Defendants immediately requested the production of this agreement before

9    Defendants' deadline for their responsive damages expert report nine days later.  Novikov

10   Decl. Ex. 7.  Though the requested agreement was a single PDF file that would have taken

11   less than thirty seconds to attach to an email and send, McRo refused to produce the

12   agreement until the last day it was permitted to do so under the Court's order.  Novikov

13   Decl., Ex. 10.  McRo offered no justification for the refusal to produce it earlier other than

14   that: (1) it was considering seeking review of the Magistrate Judge's Order (which it

15   never did); and (2) under its view of the Court's order, it was entitled to withhold it until

16   after Defendants' expert report deadline ran.  *Id.*, Ex. 9.  When Defendants moved *ex*

17   *parte* to attempt to get the agreement in time, McRo dropped the first argument, and

18   offered no justification for its conduct other than that Defendants did not ask for a

19   different deadline at the hearing (which took place before Defendants knew the Warner

20   Bros. agreement existed), and that "the allotted time has not elapsed."  ECF No. 611 at 4-

21   5.

22           McRo's conduct violated the Court's civility guidelines, which require that counsel

23   "not delay document production to prevent opposing counsel from inspecting documents

24   prior to scheduled depositions or for any other tactical reason."  C.D. Cal. Civility and

25   Professionalism Guidelines, Section B.5.  Moreover, McRo's failure to offer any

26   substantive argument or reason for its refusal to produce the agreement in time for

27   Defendants' experts to consider it militates toward a finding of no substantial justification.

28

1  *See Cathay Pac. Airways, Ltd. v. Fly and See Travel, Inc.*, No. 90 Civ. 0371 (JES), 1991
2  WL 156381, at *2-4 (S.D.N.Y. Aug. 8, 1991) (opposition to a motion to compel not
3  "substantially justified" where non-moving party "ha[s] not offered any reasonable
4  justification for their failure to provide a complete and accurate [response to discovery]");
5  *Day,* 2013 WL 5408576, at *2 (discovery conduct not substantially justified when losing
6  party failed to offer any justification other than their supposed "good faith" and a
7  previously rejected reading of the local rules).

**5.    No circumstances make an award of expenses unjust.**

9  There are no "other circumstances mak[ing] an award of expenses unjust" in this
10  case; to the contrary, McRo's conduct warrants sanctions.  McRo's repeated refusal to
11  produce material and subsequent reversal of course after opposing a motion to compel
12  (and then failing to show up at the hearing), and its stubborn insistence on waiting 14 days
13  to produce material relevant to an earlier deadline, is precisely the sort of "unnecessary
14  gamesmanship" that Rule 37 seeks to deter.  *Vaca v. Rio Props., Inc.*, No. 2:08-cv-00940-
15  RLH-LRL, 2011 WL 830519, at *3 (D. Nev. March 3, 2011).  Instead of just producing
16  the undisputedly relevant agreements (which McRo's own expert witness relied upon)
17  when asked pursuant to a valid pending document request, McRo obstructed discovery at
18  every turn and made Defendants file two motions only to ultimately turn over the
19  agreements at the last possible moment and, in one case, after Defendants' expert reports
20  had been served.

21  Even now, McRo has dragged its feet on responding to requests to produce
22  agreements entered into since the motion to compel was decided.  Novikov Decl. Ex. 11
23  (5/10 email re Konami agreement).  Defendants requested production of McRo's
24  agreement with former defendant Konami on May 10, immediately after McRo filed the
25  stipulation of dismissal.  *Id.*  McRo ignored the request until the morning of May 17, after
26  Defendants requested a meet and confer on this motion.  *Id.*, Exs. 12, 13.

### D.  Conclusion

Defendants Electronic Arts, Inc., Activision Publishing, Inc., Blizzard Entertainment, Inc., and Infinity Ward, Inc. respectfully request that the Court award their fees and costs in the amount of $8,369.09.

## IV.  PLAINTIFF'S CONTENTIONS REGARDING RULE 37 ATTORNEY FEES

### A.  Background Ignored By Defendants

Defendants' alleged "summary" of the relevant background omits several important events, enumerated below:

January 23, 2017:  Court states:

> when I set cutoff dates, cutoff dates are cutoff dates.  In other words, if I say fact discovery ends on, let's say, August 1st, it ends on August 1st. So, therefore, don't file a motion in July -- discovery motion in July because it is not going to be able to be effectuated after August 1st. When I set a cut off date, it is a cutoff date.

(D.I. 522-2, January 23, 2017 Hearing Tr. at 12.)

November 2, 2017: Fact Discovery Closes.

November 15, 2017: Planet Blue's motion to compel Square Enix to produce documents denied because "Discovery cutoff date has passed."  (D.I. 511.)

January 17, 2018:  Planet Blue responds to Defendants' post-fact discovery demand explaining that "Fact discovery is closed. Can you please explain?"  (D.I. 596-3, Novikov Decl., Ex., A Email from Raskin to Novikov dated January 17, 2018.)  Defendants cite unrelated cases.  Planet Blue responds that the cited cases are inapposite, that Judge Wu has already been clear that fact discovery was closed, and asks "Do Defendants intend to produce additional documents?"  *Id.*  Defendants refuse to address Judge Wu's prior admonitions and refuse to answer whether they would also produce responsive documents despite the close of fact discovery.

February 16, 2018:  Planet Blue provides its section of the joint submission, stating that "if defendants are willing to produce documents similarly, we can obviate the need

for defendants' motion."  Ex. C, Email dated February 16, 2018 from Raskin to Defendants.  Defendants refuse to agree to produce any additional documents and proceed to file their motion.

March 20, 2018, 10 a.m.:  During the Court's hearing on Defendants' motion, Planet Blue explains that it has no objection to producing the settlement agreements as long as Defendants are subject to the same obligations.  (Recorded Tr. at 1:35-2:20.)  The Court explains that the obligation to comply with ongoing discovery "goes both ways," meaning that the obligation applied to Defendants just as they sought to apply it to Planet Blue (the exact terms Planet Blue sought from Defendants but which they refused to acknowledge.)  The Court grants Planet Blue fourteen days to produce the settlement agreements.  Defendants do not object to that time period, despite their awareness of all upcoming case deadlines.

March 23, 2018:  In response to Defendants' demand, Planet Blue (1) reminds Defendants that Magistrate Judge Mumm gave Planet Blue fourteen days to produce the documents and that Planet Blue also had the right to seek review of that decision.  (D.I. 610-2, Ex. A, Novikov Decl., Email dated March 23, 2018 from Raskin to Defendants.)  Planet Blue again reminds Defendants of their obligation to produce documents and that their refusals to do so are in contravention of Magistrate Judge Mumm's instructions.  *Id*.

March 26, 2018:  Ignoring Planet Blue's warning that such a motion would be baseless and in contravention of Magistrate Judge Mumm's previous orders, Defendants proceed with their *ex parte* motion.  Defendants request that the Court modify the deadline for Planet Blue to produce settlement agreements from April 3 (fourteen days) to March 28.  (D.I. 610.)

March 28, 2018:  Defendants' arbitrary deadline for production passes without any ruling from the Court.

March 30, 2018:  Having been ignored by the Court, Defendants withdraw their baseless motion.  (D.I. 617.)

### B. Planet Blue's Discovery Conduct Was Justified by Prior Instructions and Rulings of this Court

As Defendants note, Federal Rule of Civil Procedure 37(a)(5) states that the Court must not award fees if "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust."  In these premises, both factors apply.

First, this Court stated over a year ago that

> when I set cutoff dates, cutoff dates are cutoff dates.  In other words, if I say fact discovery ends on, let's say, August 1st, it ends on August 1st. So, therefore, don't file a motion in July -- discovery motion in July because it is not going to be able to be effectuated after August 1st. When I set a cut off date, it is a cutoff date.

(D.I. 522-2, January 23, 2017 Hearing Tr. at 12.)  Courts have inherent power to manage their dockets, and barring any instructions from the Court to the contrary, the parties in this case were reasonable in any reliance on the Court's instruction.  Defendant Square Enix relied on this statement in opposing Planet Blue's motion to compel late last year. (D.I. 509 at 3.)  Bungie, a third party developer for current defendant (and present movant) Activision, relied on this Court's statement in moving to quash Planet Blue's subpoena (which was served prior to the close of discovery) and the Washington court hearing the motion to quash quoted this Court's statement during the hearing.  *See* Ex. B, Hearing Tr. dated January 11, 2018, at 12:12-21, Case No. 2:17mc00146 (JLR).  As such, Planet Blue's belief that Defendants' post-close-of-fact-discovery demands were untimely was inherently reasonable, especially in view of Defendants' same interpretation. Defendants' argument unreasonably suggests that only Planet Blue was not permitted to rely on this Court's admonitions and decisions regarding the close of fact discovery.

In addition to ignoring this case's prior history, Defendants improperly include assumptions as if they were facts.  Defendants make several unsupported, purely hypothetical statements regarding Planet Blue's production of two settlement agreements

1  concurrently with Planet Blue's damages expert report.  Such statements are designed

2  simply to cast doubt on Planet Blue's actions.  Yet, the fact remains that Planet Blue

3  decided to ask its expert to address those settlement agreements in his damages report the

4  day the report was due, which was the same day the documents were produced.  Contrary

5  to Defendants' unsupported assertions, it is far from unusual for an expert to be able to

6  review and address two short agreements, similar to others already produced in the case,

7  in a short amount of time.  Moreover, Defendants had three weeks thereafter to consider

8  those settlement agreements prior to serving their rebuttal damages expert report.

9        Defendants also erroneously suggest that it is "***black letter law*** that licenses to the

10  Patents-in-Suit, ***including litigation settlements***, are pertinent to the hypothetical

11  negotiation that forms the basis of any damages that take the form of a reasonable royalty,

12  and thus must be produced in discovery."  (D.I. 596.01 at 4 (emphasis added).)  Yet as

13  cited by Planet Blue in its opposition, the Federal Circuit has indicated that "license fees

14  that are tainted by the coercive environment of patent litigation are unsuitable to prove a

15  reasonable royalty. . . ."  *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77

16  (Fed. Cir. 2012).  Furthermore, the Federal Circuit noted that ***settlement agreements*** (as

17  opposed to ***license*** agreements), of the sort demanded by Defendants, reflect litigation

18  uncertainties that have no place in the hypothetical negotiation and for that reason are far

19  more frequently excluded.  *See, e.g.*, *Commonwealth Sci. & Indus. Research Org. v. Cisco*

20  *Sys., Inc.*, 809 F.3d 1295, 1303 n.2 (Fed. Cir. 2015) ("Grounds for exclusion in our past

21  cases have included . . . the license being a litigation settlement agreement. . . .") (citing

22  *LaserDynamics, Inc.*, 694 F.3d at 77); *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509,

23  523 (Fed. Cir. 2012).  These cases hardly describe the "black letter law" claimed by

24  Defendants.  In addition to mis-citing the law on the matter, Defendants only relied on

25  cases from other districts related to settlement agreements, including the Western District

26  of Michigan, Southern District of Ohio, and the Southern District of California. (D.I.

27  596.01 at 6.)  Without any ***actual*** black letter law on the issue to the contrary, Planet

28

LOCAL RULE 37-2 JOINT STIPULATION RE: DEFENDANTS' MOTION FOR
ATTORNEYS' FEES UNDER RULE 37(A)(5) / CASE NO. 12-CV-10322-GW (FFMX)

Blue's actions were entirely reasonable and substantially justified.

Finally, it would be manifestly unjust to award fees to Defendants where

1)    Defendants have not identified a violation of any Court order.  Planet Blue acted consistently with this Court's admonitions and rulings;

2)    Planet Blue acted consistently with the pertinent case law;

3)    Planet Blue offered to produce the requested documents notwithstanding the close of fact discovery if Defendants agreed to also produce the documents that Planet Blue requested;

4)    Defendants did not object during the hearing to the deadline set by Magistrate Judge Mumm for the production of the demanded documents and Planet Blue complied with that order;

5)    Defendants filed an *ex parte* motion to compel despite this Court having already ruled that motions to compel may not be filed ex parte, the deadline for Planet Blue's compliance with Magistrate Judge Mumm's Order was still a week away, and then withdrew the motion after having forced Planet Blue to incur the expense of responding to the baseless motion.

In view of the foregoing, Planet Blue respectfully requests that Defendants' motion be denied.

## C.    Planet Blue Must Be Awarded Fees and Costs Pursuant to Fed. R. Civ. P. 37(a)(5)(B)

Pursuant to Fed. R. Civ. P. 37(a)(5)(B), if Defendants' motion is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B).  As such, denial of Defendants' motion triggers the Court's obligation to order Defendants and/or their counsel to pay Planet Blue's reasonable expenses for opposing Defendants' motion.

Defendants' motion was not substantially justified.  Planet Blue did not violate any Court Order and acted in accordance with this Court's instructions.  Contrarily, Defendants forced Planet Blue to respond to an ex parte motion to compel filed despite this Court's admonition that such motions were not permitted and which was ultimately withdrawn.  Furthermore, Defendants failed to object to the time provided to Planet Blue to comply with Magistrate Judge Mumm's order.  Therefore, Planet Blue respectfully requests that the Court award Planet Blue its "reasonable expenses incurred in opposing the motion, including attorney's fees."  *See* Fed. R. Civ. P. 37(a)(5)(B).

Dated:  June 18, 2018                    DURIE TANGRI LLP


                                         By: _____*/s/ Eugene Novikov*_____
                                                     EUGENE NOVIKOV


                                         Attorney for Defendants
                                         Electronic Arts Inc.; Activision Publishing,
                                         Inc.; Blizzard Entertainment, Inc.; and
                                         Infinity Ward, Inc.

Dated:  June 18, 2018                    MISHCON DE REYA NEW YORK LLP


                                         By: _____*/s/ Mark S. Raskin*_____
                                                     MARK S. RASKIN


                                         Attorney for Plaintiff
                                         McRo, Inc., d.b.a. Planet Blue


## **<u>FILER'S ATTESTATION</u>**

Pursuant to Civil L.R. 5-4.3.4, regarding signatures, I, Eugene Novikov, attest that concurrence in the filing of this document has been obtained.

                                         _____*/s/ Eugene Novikov*_____
                                                     EUGENE NOVIKOV

LOCAL RULE 37-2 JOINT STIPULATION RE: DEFENDANTS' MOTION FOR
ATTORNEYS' FEES UNDER RULE 37(A)(5) / CASE NO. 12-CV-10322-GW (FFMX)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2018 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Eugene Novikov*

EUGENE NOVIKOV

LOCAL RULE 37-2 JOINT STIPULATION RE: DEFENDANTS' MOTION FOR ATTORNEYS' FEES UNDER RULE 37(A)(5) / CASE NO. 12-CV-10322-GW (FFMX)