DURIE TANGRI LLP
SONAL N. MEHTA (SBN 222086)
smehta@durietangri.com
EUGENE NOVIKOV (SBN 257849)
enovikov@durietangri.com
CATHERINE Y. KIM (SBN 308442)
ckim@durietangri.com
TIMOTHY P. HORGAN-KOBELSKI (SBN 319771)
tkobelski@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:  415-362-6666
Facsimile:   415-236-6300

Attorneys for Defendants
Electronic Arts Inc.; Activision Publishing, Inc.;
Blizzard Entertainment, Inc.; and Infinity Ward, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| MCRO, INC., D.B.A. PLANET BLUE,<br><br>Plaintiff,<br><br>v.<br><br>BANDAI NAMCO GAMES AMERICA, INC., et al.,<br><br>Defendants. | Lead Case No. 12-cv-10322-GW (FFMx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**<br><br>Date:  September 6, 2018<br>Time:  8:30 a.m.<br>Ctrm:  9D<br>Judge: Honorable George H. Wu |
| MCRO, INC., D.B.A. PLANET BLUE,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC ARTS INC.,<br><br>Defendant. | CONSOLIDATED WITH:<br>Case No. 2:12-cv-10329-GW (FFMx) |

| | |
|---|---|
| MCRO, INC., D.B.A. PLANET BLUE,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION PUBLISHING, INC. and BLIZZARD, ENTERTAINMENT, INC.,<br><br>Defendants. | Case No. 2:14-cv-00336-GW (FFMx) |
| MCRO, INC., D.B.A. PLANET BLUE,<br><br>Plaintiff,<br><br>v.<br><br>INFINITY WARD, INC.,<br><br>Defendant. | Case No. 2:14-cv-00352-GW (FFMx) |
| MCRO, INC., D.B.A. PLANET BLUE,<br><br>Plaintiff,<br><br>v.<br><br>NAUGHTY DOG, INC.<br><br>Defendant. | Case No. 12-cv-10335 GW (FFMx) |
| MCRO, INC., D.B.A. PLANET BLUE,<br><br>Plaintiff,<br><br>v.<br><br>SUCKER PUNCH PRODUCTIONS LLC<br><br>Defendant. | Case No. 14-cv-00332 GW (FFMx) |
| MCRO, INC., D.B.A. PLANET BLUE,<br><br>Plaintiff,<br><br>v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA LLC<br><br>Defendant. | Case No. 14-cv-00383 GW (FFMx) |

| | |
|---|---|
| MCRO, INC., D.B.A. PLANET BLUE,<br><br>                        Plaintiff,<br><br>        v.<br><br>DISNEY INTERACTIVE STUDIOS, INC.,<br>                        Defendant. | Case No. 12-cv-10323 GW (FFMx) |
| MCRO, INC., D.B.A. PLANET BLUE,<br><br>                        Plaintiff,<br><br>        v.<br><br>LUCASARTS, A DIVISION OF LUCASFILM ENTERTAINMENT COMPANY LTD. LLC,<br>                        Defendant. | Case No. 14-cv-00358 GW (FFMx) |

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-1, Defendants Electronic Arts Inc.; Activision Publishing, Inc.; Blizzard Entertainment, Inc.; Infinity Ward, Inc.; Square Enix, Inc.; Disney Interactive Studios, Inc.; LucasArts, a Division of Lucasfilm Entertainment Company Ltd. LLC; Naughty Dog, Inc.; Sony Computer Entertainment America LLC; and Sucker Punch Productions LLC (collectively, "Defendants") hereby respectfully submit this Statement of Uncontroverted Facts and Conclusions of Law in support of their Motion for Summary Judgment of Invalidity.

## I.    INTRODUCTION

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| 1.  McRo argued to the Federal Circuit that the claimed "first set of rules" cabin the invention to a "highly specific application of any underlying ideas."<br><br>Supporting Evidence:<br>Ex. 1[1] (McRo Appeal Brief) at 29. | |

## II.    FACTUAL BACKGROUND

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| 2.  On June 28, 2018, the district court issued a tentative ruling granting Defendants' summary judgment of non-infringement of all asserted claims of U.S. Patent No. 6,611,278 ("the '278 patent").<br><br>Supporting Evidence: | |

---

[1] "Ex." and "Exs." reference the exhibits attached to the Declaration of Eugene Novikov.

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| ECF Nos. 747 (tentative ruling) and 755 (revised tentative ruling). | |
| 3. The only remaining asserted independent claim in this case – claim 1 of the '278 patent – recites a "first set of rules that defines a morph weight set stream as a function of phoneme sequence and times associated with said phoneme sequence," which thereafter gets applied to a plurality of phoneme subsequences to generate an output morph weight set stream. Specifically, claim 1 recites: "A method for automatically animating lip synchronization and facial expression of three-dimensional characters comprising: obtaining a first set of rules that defines a morph weight set stream as a function of phoneme sequence and times associated with said phoneme sequence; obtaining a plurality of sub-sequences of timed phonemes corresponding to a desired audio | |

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| sequence for said three-dimensional characters; generating an output morph weight set stream by applying said first set of rules to each sub-sequence of said plurality of sub-sequences of timed phonemes; and applying said output morph weight set stream to an input sequence of animated characters to generate an output sequence of animated characters with lip and facial expression synchronized to said audio sequence." <br><br> Supporting Evidence: <br> Ex. 2 ('278 patent) at 11:43-59 (claim 1). | |

### A.    Specification Support for "First Set of Rules."

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| 4.  The '278 patent specification provides: "Each sub-sequence of time aligned phonetic transcription (TAPT) or other timed data such as pitch, amplitude, noise amount or the like, is checked against a rule's criteria to see if that rule | |

3

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| is applicable. If so, the rule's function is applied to generate the output. The primary function of the rules is to determine 1) the appropriate morph weight set correspondence with each TAPT sub-sequence; and 2) the time parameters of the morph weight set transitions between the representation of the prior TAPT subsequence or other timed data, and the current one. Conditions 1) and 2) must be completely specified for any sequence of phonemes and times encountered. Together, such rules are used to create a continuous stream of morph weight sets." <br><br> Supporting Evidence: <br> Ex. 2 ('278 patent) at 4:47-60. | |
| 5.  The '278 patent specification provides: "A specific sub-sequence 20 is selected from the TAPT file 12 and is evaluated 22 to determine if any secondary rule criteria for morph weight set target apply. Time aligned emotional transcription file 14 data may be inputted or data from an optional time aligned data file 16 may be used. Also | |

| **UNDISPUTED MATERIAL FACTS** | **PLAINTIFF'S RESPONSE** |
|---|---|
| shown is a parallel method 18 which may be configured identical to the primary method described, however, using different timed data rules and different delta sets. Sub-sequence 20 is evaluated 22 to determine if any secondary rule criteria apply. If yes, then a morph weight set is assigned 24 according to the secondary rules, if no, then a morph weight set is assigned 26 according to the default rules. If the sub-string meets any secondary rule criteria for transition specification 28 then a transition start and end time are assigned according to the secondary rules 32, if no, then assign transition start and end times 30 according to default rules. Then an intermediate file of transition keyframes using target weights and transition rules as generated are created 34, and if any keyframe sequences fit post process before interpolation rules they are applied here 36. This data may be output 38 here if desired. If not, then interpolate using | |

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| any method post processed keyframes to a desired frequency or frame rate 40 and if any morph weight sequences generated fit post processing after interpolation criteria, they are applied 42 at this point." <br><br> Supporting Evidence: <br><br> Ex. 2 ('278 patent) at 5:45-6:2. | |
| 6.  The '278 patent specification's description of Fig. 2 reiterates that "the method . . . according to the invention" involves the steps of "configuring a set of default correspondence rules between a plurality of visual phoneme groups or other timed input data and a plurality of morph weight sets," and "specifying a plurality of morph weight set transition rules for specifying durational data for the generation of transitory curves between the plurality of morph weight sets." <br><br> Supporting Evidence: <br><br> Ex. 2 ('278 patent) at 6:6-17. | |
| 7.  The '278 patent specification states: "It is seen that through the use or [sic] these rules, an appropriate morph weight | |

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| stream is produced. The uninterpolated morph weight stream has entries only at transition start and end time, however. These act as keyframes. A morph weight set may be evaluated at any time by interpolating between these keyframes, using conventional methods. This is how the output stream is calculated each desired time frame. For example, for television productions, the necessary resolution is 30 evaluations per second." <br><br> Supporting Evidence: <br> Ex. 2 ('278 patent) at 7:8-15. | |
| 8.  The '278 patent specification lists a small set of examples of specific rules – twenty in all – that could be implemented as part of the claimed system. <br><br> Supporting Evidence: <br> Ex. 2 ('278 patent) at 7:50-11:11. | |

### B.    McRo's Changing Views on Claim Construction.

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| 9.  McRo argued during claim construction that "[a] set of rules is, quite simply, a set of instructions" that | |

| **UNDISPUTED MATERIAL FACTS** | **PLAINTIFF'S RESPONSE** |
|---|---|
| accept an input and generate an output. <br> Supporting Evidence: <br> ECF No. 230 (Pl.'s CC Brief) at 21. | |
| 10. During claim construction, McRo refused to accept the limitation that the "first set of rules" be embodied in a software program. <br> Supporting Evidence: <br> ECF No. 254 (Pl. Reply CC Brief) at 17. | |
| 11. In its claim construction ruling, the Court held that no construction of the term "first set of rules" was necessary. <br> Supporting Evidence: <br> ECF No. 298-1 (CC Order) at 16. | |
| 12. In ruling on the meaning of "first set of rules" for Defendants' § 101 motion, the Court reasoned that since the patent's concept of rules is "specified at the highest level of generality" – as argued in McRo's claim construction brief—and since the patent provides only "an example of a very partial set of default and secondary rules," leaving the work of defining the rules to the user, the concept of using rules to generate morph weight sets did not add | |

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| anything more to the art than an abstract idea.<br><br>Supporting Evidence:<br>ECF No. 365 (Section 101 Order) at 18. | |
| 13. On appeal to the Federal Circuit, McRo offered this description of the claimed invention:<br><br>"What sets the invention apart is how it determines the facial movements that will be synchronized with the audio dialogue. Among other things, it uses rules that evaluate the [time-aligned phonetic transcript] and – depending on the sequence of phonemes, the context of each phoneme with respect to surrounding phonemes, and the pace of speech – automatically determines when to set keyframes, the appropriate morph weight set at each keyframe, and how the animation should transition between keyframes."<br><br>Supporting Evidence:<br>Ex. 1 (McRo Appeal Brief) at 20. | |
| 14. On appeal to the Federal Circuit, McRo echoed the specification in detailing the nature of the claimed | |

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| rules, describing the "correspondence" and "transition" rules the invention allows, and the further subcategories (default, secondary, and post-processing) into which they may fall.<br><br>Supporting Evidence:<br>Ex. 1 (McRo Appeal Brief) at 20-21. | |
| 15. Each example of rules that McRo provided to the Federal Circuit specified morph weight sets at keyframes (correspondence rules), and provided parameters for interpolation (transition rules).<br><br>Supporting Evidence:<br>Ex. 1 (McRo Appeal Brief) at 20-22. | |
| 16. During claim construction at the district court level, McRo chided Defendants for "fail[ing] to grasp that while any morph weight set generated by interpolating between keyframes *may* be the final output morph weight set, nothing in the patent *requires this to be the case*."<br><br>Supporting Evidence:<br>ECF No. 254 at 10 (emphasis in original). | |
| 17. Although the Federal Circuit held that | |

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| the term "first set of rules" did not need construction, the appellate court accepted McRo's characterization of the invention, describing the patents as "aim[ing] to automate a 3-D animator's tasks, specifically, determining when to set keyframes and setting those keyframes.  This automation is accomplished through rules that are applied to the timed transcript to determine the morph weight outputs." <br> Supporting Evidence: <br> *McRo, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1307 (Fed. Cir. 2016). | |
| 18. These characteristics of the rules were at least part of the basis for the appellate court's holding that the claims transcended merely organizing information or carrying out a fundamental economic practice:  it was the incorporation of mathematical rules to ***automate the setting of keyframes*** by use of a "distinct process" that "evaluate[s] sub-sequences, generate[s] transition parameters, [and] appl[ies] | |

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| transition parameters to create a final morph weight set" that "improved [the] existing technological process by allowing the automation of further tasks."<br><br>Supporting Evidence:<br><br>*McRo, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1314 (Fed. Cir. 2016) (internal quotation marks and citation omitted). | |
| 19. On remand, Defendants attempted to hold McRo to its representations to the Federal Circuit by limiting the construction of "first set of rules" to McRo's characterization of the rules on appeal: "rules that evaluate the time-aligned phonetic transcript and (depending on the sequence of phonemes, the context of each phoneme with respect to surrounding phonemes, and the pace of speech) automatically determine when to set keyframes, the appropriate morph weight set at each keyframe, and how the animation should transition | |

| **UNDISPUTED MATERIAL FACTS** | **PLAINTIFF'S RESPONSE** |
|---|---|
| between keyframes." <br><br> Supporting Evidence: <br><br> ECF No. 425 (Defs.' Supp. CC Brief) at 3. | |
| 20. On remand, McRo objected to Defendants' attempt to limit the construction of "first set of rules" to its characterization of the rules on appeal, contending that it "never argued that the ***claims*** are limited to the specific keyframing technique," and instead it "merely described the technology at issue and the teachings of the invention as set forth in the specification." <br><br> Supporting Evidence: <br><br> ECF No. 434 (Pl's Supp. CC Brief) at 1, 8 (emphasis in original). | |
| 21. In its tentative ruling on Defendants' supplemental claim construction request, the Court found that the patent specification's disclosure – as recited by McRo to the Federal Circuit – was non-limiting and exemplary and that Defendants' proposal should not be adopted. <br><br> Supporting Evidence: <br><br> ECF No. 455 (Tentative SJ Ruling) at 15- | |

13

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| 16. | |
| 22. In its tentative ruling on Defendants' supplemental claim construction request, the Court noted that the resulting broad scope of the claims potentially created a question concerning whether the full scope of the claims was enabled. Supporting Evidence: ECF No. 455 (Tentative SJ Ruling) at 17. | |
| 23. McRo's expert, Dr. Gleicher, asserted in his infringement report that members of the "first set of rules" included rules that split or merged phonemes, or that modified the keys of a phoneme curve. Supporting Evidence: ECF No. 658-05 (Gleicher Infringement Rpt.) ¶¶ 7.16-7.17. | |

**C.    Defendants' Expert Opines That the Specification Does Not Enable the Full Scope of the "First Set of Rules" Limitation.**

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| 24. Defendants' expert, Dr. Wyvill, opined in his invalidity report that "the '278 Patent's specification fails to provide a person of ordinary skill in the art with the tools needed to develop, | |

| **<u>UNDISPUTED MATERIAL FACTS</u>** | **<u>PLAINTIFF'S RESPONSE</u>** |
|---|---|
| without undue experimentation, rules having the breadth and complexity of the claimed genus for 'first set of rules.'" <br><br> <u>Supporting Evidence:</u> <br><br> ECF No. 659 (Wyvill Rpt.) ¶ 378. | |
| 25. Defendants' expert, Dr. Wyvill, stated in his invalidity report that "the '278 patent makes explicit that the actual development of working, effective rules is left ***entirely*** to the user, even with respect to the default rules that constitute the foundation of the claimed method." <br><br> <u>Supporting Evidence:</u> <br><br> ECF No. 659 (Wyvill Rpt.) ¶ 378 (emphasis in original). | |
| 26. The Court acknowledged in its Section 101 Order that the rules are provided by the user, not the patent. <br><br> <u>Supporting Evidence:</u> <br><br> ECF No. 365 (Section 101 Order) at 18. | |
| 27. McRo's expert, Dr. Gleicher, stated in his validity report that the '278 patent "does not need to detail all necessary rules," and does not "waste time" | |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
CASE NO. 12-CV-10322-GW (FFMX)

| **<u>UNDISPUTED MATERIAL FACTS</u>** | **<u>PLAINTIFF'S RESPONSE</u>** |
|---|---|
| enumerating sets of rules to account for coarticulation phenomena and artistic effects.<br><br><u>Supporting Evidence:</u><br>ECF No. 658-06 (Gleicher Validity Rpt.) ¶¶ 204-205. | |
| 28. McRo's expert, Dr. Gleicher, stated in his validity report that the '278 patent provides only a "rule schema."<br><br><u>Supporting Evidence:</u><br>ECF No. 658-06 (Gleicher Validity Rpt.) ¶ 205. | |
| 29. Defendants' expert, Dr. Wyvill, opined in his invalidity report that the examples of rules in the patent fail to cover even a small percentage of the potential phoneme sequences that could be encountered, and the specification provides no guidance for how to generate rules that would actually create a working system.<br><br><u>Supporting Evidence:</u><br>ECF No. 659 (Wyvill Rpt.) ¶ 379. | |
| 30.  Defendants' expert, Dr. Wyvill, stated in his invalidity report that "[w]hile it would have been within the knowledge | |

16

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| and skill of a person of ordinary skill in the art (given the prior art discussed above) to come up with certain types of claimed rules, it would have required an incredible amount of effort and experimentation to develop a working system that produced high-quality animation." Supporting Evidence: ECF No. 659 (Wyvill Rpt.) ¶ 379. | |

## III.   ARGUMENT

### A.   The Specification Discloses a "First Set of Rules" for Only One Type of System, and Provides Only a Small Exemplary Set.

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| 31.  Accused systems in this case generate animation curves with alleged "morph weight set" values at every frame in a single pass, rather than first generating a morph weight set that defines the frame of animation at certain special times (i.e., a keyframe) and then interpolating between those morph weight sets. Supporting Evidence: ECF No. 658-05 (Gleicher Rpt.) ¶¶ 7.18-7.21. | |

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| 32. McRo's expert, Dr. Gleicher, described in his infringement report rules for splitting diphthongs and for merging phonemes.<br><br>Supporting Evidence:<br>ECF No. 658-05 (Gleicher Rpt.) ¶¶ 7.16-7.17. | |

### B.  Practicing the Full Scope of the Claims Would Require Undue Experimentation.

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| 33. Defendants' expert, Dr. Wyvill, opined in his invalidity report that coming up with a working set of rules with the breadth and complexity of the claim scope McRo asserted would require "years of development and experimentation – far more than could ever be considered routine."<br><br>Supporting Evidence:<br>ECF No. 659 (Wyvill Rpt.) ¶ 380. | |
| 34. Defendants' expert, Dr. Wyvill, opined in his invalidity report that "the limited disclosure of simple, crude 'exemplary' rules in the '278 Patent's specification underscore the extent to which the specification leaves to others the hard | |

| **UNDISPUTED MATERIAL FACTS** | **PLAINTIFF'S RESPONSE** |
|---|---|
| work of developing rules that could actually produce realistic animation," and that the specification "fails to provide even an exemplary set of 'default correspondence rules' that covers 'all visual phoneme groups'— something that the patent describes as a necessary first step for any use of the claimed method—much less representative examples of the admittedly 'complex' rules that the Plaintiff alleges the claims cover." <br><br> Supporting Evidence: <br> ECF No. 659 (Wyvill Rpt.) ¶¶ 378-79. | |
| 35.  Defendants' expert, Dr. Wyvill, opined in his invalidity report that "the results of experimenting with new sets of rules would have been difficult to predict, particularly for more complicated sets of rules," and that in order to get the claimed invention to work sufficiently well to achieve its stated goal would require rules "far more complex than the examples given." <br><br> Supporting Evidence: | |

19

| **UNDISPUTED MATERIAL FACTS** | **PLAINTIFF'S RESPONSE** |
|---|---|
| ECF No. 659 (Wyvill Rpt.) ¶¶ 380-81. | |
| 36. The validity opinion of McRo's expert, Dr. Gleicher, is premised on the assertion that the specification did not need to provide more fulsome disclosure of the claimed rules, because it is sufficient to (1) provide "examples of how common rule types [sic] and how they can be embellished with artistic effects," and (2) "instruct[] one of skill in the art on how to transfer known rules from other systems." Supporting Evidence: ECF No. 658-06 (Gleicher Validity Rpt.) ¶¶ 203-204. | |
| 37.  The Federal Circuit recognized that performing lip-synchronized facial animation using morph weight sets was known in the art, and the novelty of the claimed invention lies in using the claimed rules to automate the process, stating: "As the specification confirms, the claimed improvement here is allowing computers to produce 'accurate and realistic lip synchronization and facial | |

| <u>UNDISPUTED MATERIAL FACTS</u> | <u>PLAINTIFF'S RESPONSE</u> |
|---|---|
| expressions in animated characters' that previously could only be produced by human animators. '576 patent col. 2 ll. 49–50. As the district court correctly recognized, this computer automation is realized by improving the prior art through 'the use of rules, rather than artists, to set the morph weights and transitions between phonemes.'"<br><br>Supporting Evidence:<br><br>*McRo, Inc. v. Bandai Namco Games Am Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016). | |
| 38. McRo's expert, Dr. Gleicher, in describing the alleged novelty of the claimed invention in his validity report, set forth "three key aspects" of the '278 patent that were "contrary to the prevailing wisdom of the academic literature": (1) using a morph weight set approach to controlling the face "in an automated setting," (2) using "contextualized rules" that can be "defined over a sequence of phonemes, not just individual phonemes," and (3) using rules that output morph weight sets. | |

| **UNDISPUTED MATERIAL FACTS** | **PLAINTIFF'S RESPONSE** |
|---|---|
| Supporting Evidence: ECF No. 658-06 (Gleicher Validity Rpt.) ¶¶ 49-52. | |
| 39. McRo's expert, Dr. Gleicher, asserted in his validity report that the Pelachaud reference used a more complex facial model resulting in rules that were defined differently and operated differently, stating: "Pelachaud shows that the system creator can define the behavior of the face in response to a sequence of phonemes by defining rules that govern the influence of the phonemes over the human face model's detailed musculature in order to create resulting motion.  While this approach, in the skilled hands of a Ph. D. student, may lead to realistic human facial motions, it means that the rule author must think in terms of the complexities of human anatomy. This means that defining new rules, or tweaking existing ones, requires a great deal of specialized knowledge. It also means that the approach may not apply to characters | |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
CASE NO. 12-CV-10322-GW (FFMX)

| UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| whose facial features are not defined on human musculature. In contrast, the '278 Patent teaches and claims that rules are defined in terms of animator-provided facial shapes." <br><br> Supporting Evidence: <br> ECF No. 658-06 (Gleicher Validity Rpt.) ¶¶ 60-61. | |
| 40. McRo's expert, Dr. Gleicher, asserted in his validity report that the content of the claimed rules could have been provided by Pelachaud and that the '278 patent teaches how to "transfer this knowledge into a production compatible system." <br><br> Supporting Evidence: <br> ECF No. 658-06 (Gleicher Validity Rpt.) ¶ 205. | |

## CONCLUSIONS OF LAW

## I.   LEGAL STANDARDS

  1. Under 35 U.S.C. § 112(a), a patent's specification must enable those skilled in the art to make and use the full scope of the claimed invention without "undue experimentation" as of the patent filing date (here, October 1997).  "Enabling the full scope of each claim is 'part of the *quid pro quo* of the patent bargain.'"  *Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 999 (Fed. Cir. 2008) (quoting *AK Steel Corp. v. Sollac*

*& Ugine*, 344 F.3d 1234, 1244 (Fed. Cir. 2003).  If a patent enables some embodiments within the scope of a claim, but not others, then the claim is invalid.  *Promega Corp. v. Life Techs. Corp.*, 773 F.3d 1338, 1347-50 (Fed. Cir. 2014) (reversing denial of summary judgment of no enablement where the specification only enabled evaluating a narrow set of DNA sequences, but the claim was drawn to the analysis of an open set of sequences); *ALZA Corp. v. Andrx Pharms., LLC*, 603 F.3d 935, 939-43 (Fed. Cir. 2010) (affirming judgment that claims encompassing medicinal tablets in both osmotic and non-osmotic dosage forms were invalid where specification taught only osmotic dosage forms); *Sitrick*, 516 F.3d at 999-1001 (affirming summary judgment that claims encompassing both video games and movies were invalid where specification only taught use of invention in video games); *Auto. Techs. Int'l, Inc. v. BMW of N. Am., Inc.*, 501 F.3d 1274, 1281-85 (Fed. Cir. 2007) (affirming summary judgment that claims encompassing both mechanical and electronic side-impact sensors were invalid where specification taught only mechanical sensors).

2.     "The scope of enablement . . . is that which is disclosed in the specification plus the scope of what would be known to one of ordinary skill in the art without undue experimentation."  *Nat'l Recovery Techs., Inc. v. Magnetic Separation Sys., Inc.*, 166 F.3d 1190, 1196 (Fed. Cir. 1999).  However, while the knowledge of one skilled in the art is relevant to the enablement inquiry, the enabling disclosure for the novel aspects of the claimed invention must be provided by the specification, not merely the knowledge of one skilled in the art.  *Auto. Techs.*, 501 F.3d at 1283.

3.     Whether a patent satisfies the enablement requirement "is a question of law based on underlying facts."  *Wyeth & Cordis Corp. v. Abbott Labs.*, 720 F.3d 1380, 1384 (Fed. Cir. 2013).  Relevant factors in considering whether  practicing the full scope of the claims requires undue experimentation include "(1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the

relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims." *In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988).

4.     Summary judgment of non-enablement may be granted when there is no genuine issue of material fact that practicing the full scope of the claims would have required undue experimentation. *AK Steel Corp.*, 344 F.3d at 1244-45.

## II.   CONCLUSIONS

5.     The specification of the '278 patent does not contain an enabling disclosure for the "first set of rules," which is the '278 patent's claimed contribution to the art. Within the genus of rules that generate morph weight sets based on phoneme sequence and timing, the specification identifies only two species of the above genus (correspondence rules and transition rules) for one type of system and provides only a small set of rudimentary examples of these types of rules.  The asserted claims are therefore invalid because the specification fails to enable the full scope of each claim.

6.     The specification of the '278 patent fails to meet the enablement requirement of 35 U.S.C. § 112 because it fails to teach those skilled in the art how to make and use the full scope of the claimed invention without undue experimentation.

Dated:  July 19, 2018                          DURIE TANGRI LLP


                                     By: _____*/s/ Eugene Novikov*_____
                                              EUGENE NOVIKOV

                                     Attorney for Defendants
                                     Electronic Arts Inc.; Activision Publishing,
                                     Inc.; Blizzard Entertainment, Inc.; and
                                     Infinity Ward, Inc.

Dated:  July 19, 2018                          PILLSBURY WINTHROP SHAW
                                     PITTMAN LLP


                                     By: _____*/s/ Evan Finkel*_____
                                              EVAN FINKEL

                                     Attorney for Defendants
                                     Disney Interactive Studios Inc. and LucasArts,
                                     a division of Lucasfilm Entertainment
                                     Company Ltd. LLC

Dated:  July 19, 2018                               MORRISON AND FOERSTER LLP

                                              By:  _____/s/ Benjamin J. Fox_____
                                                                 BENJAMIN J. FOX

                                                   Attorney for Defendant
                                                   Square Enix Inc.

Dated:  July 19, 2018                               SHOOK HARDY AND BACON LLP

                                              By:  _____/s/ Beth A. Larigan_____
                                                                 BETH A. LARIGAN

                                                   Attorney for Defendants
                                                   Naughty Dog Inc.; Sony Computer
                                                   Entertainment America LLC; Sucker Punch
                                                   Productions LLC

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
CASE NO. 12-CV-10322-GW (FFMX)

# ATTESTATION OF SIGNATURES

I, Eugene Novikov, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


*/s/ Eugene Novikov*
EUGENE NOVIKOV

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
CASE NO. 12-CV-10322-GW (FFMX)

# CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2018 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Eugene Novikov*
EUGENE NOVIKOV

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
CASE NO. 12-CV-10322-GW (FFMX)